## GRAHAM *v.* GILL.

ERROR TO THE SUPREME COURT OF THE STATE OF FLORIDA.

No. 173.   Submitted February 29, 1912.—Decided March 11, 1912.

Overruling objections to admission of evidence other than field notes of surveys is in effect passing on effect of the requirements of § 2396, Rev. Stat., and, in regard to surveys of public lands, involves a Federal question reviewable by this court under § 709, Rev. Stat.

Evidence other than field notes of a survey of public lands may be admissible if it has a legitimate tendency to precisely locate the land, even though it may tend to show an error in the field notes, and, under the circumstances of this case, such evidence was proper. *French-Glenn Live Stock Co.* v. *Stringer*, 185 U. S. 47.

56 Florida, 316, affirmed.

THE facts, which involve the admissibility under § 2396, Rev. Stat., of evidence other than field notes in regard to location of a tract of public land, are stated in the opinion.

*Mr. Hilary A. Herbert, Mr. Benjamin Micou, Mr. Richard P. Whiteley* and *Mr. Hilton S. Hampton* for plaintiff in error.

*Mr. John W. Burton* for defendant in error.

Memorandum opinion by direction of the court. By MR. CHIEF JUSTICE WHITE.

Plaintiffs in error were plaintiffs below. The action was in ejectment. In brief, the controversy was this: An island in Charlotte Harbor, Florida, described on the plat of survey as lot 1, section 8, of a specified township and range, was certified in 1899 by the United States to the State of Florida as school indemnity lands, and on

October 23, 1900, was conveyed by the state board of education to the plaintiffs in error. The claim in the action was that the defendant wrongfully withheld possession of this tract. On the other hand the defendant averred that the land of which he was in possession was lot 2, section 17, of the same township and range, and that he made a homestead entry thereon in 1896 and received a patent therefor in 1901. A portion of the plat of survey showing the location of the respective tracts is contained in an opinion of the Supreme Court of the State of Florida, reversing a judgment for the plaintiffs entered on the first trial of the case, reported in 54 Florida, 259.

The tract sold to the plaintiffs in error was surveyed by continuing a survey made from land lying east of the tract. That of the defendant was surveyed by continuing a survey made from lands lying to west of the tract. By using the field notes of the respective surveys it would seem that the tract in possession of the defendant was the tract which had been conveyed to both parties.

On the second trial the defendant was allowed to introduce evidence of the physical location of his tract with reference to other land in the vicinity shown on the plat of survey, and such testimony in the opinion of the court below conclusively established that the tract in the possession of the defendant was in fact lot 2 of section 17 as delineated on the plat, according to which the land was patented to the defendant. There was a verdict and judgment on the second trial for the defendant, which was affirmed by the Supreme Court of the State. 56 Florida, 316.

It is insisted that the writ of error should be dismissed because no Federal question is involved. The contention, however, is without merit, since repeatedly during the trial the plaintiffs objected to the admission of all evidence bearing upon the location of the tract in controversy other than the field notes of the survey under which the

plaintiffs claimed, which it was contended were the best
and only evidence.   In passing adversely on these objec-
tions the trial court did not merely determine the weight
or sufficiency of the evidence to prove a fact, but passed
on the competency and legal effect of the evidence as
bearing upon the question of Federal law, viz., the effect
of the requirements of § 2396, Rev. Stat., as to the mode
of surveying public lands.   Thus a Federal question was
presented and decided.   *Dower* v. *Richards,* 151 U. S. 658.
See, also, *French-Glenn Live Stock Co.* v. *Springer,* 185
U. S. 47, 54.

Although, however, the Federal question was neces-
sarily involved and decided, we are of opinion that under
the circumstances of this case it comes directly within
the rule announced in *French-Glenn Live Stock Co.* v.
*Springer, supra,* and therefore the state court was right
in holding that the defendant was not debarred from in-
troducing evidence other than the field notes which had a
legitimate tendency to identify the precise location of the
tract occupied by him, although such evidence might tend
to show a mistake in the field notes of the survey of the
tract which the plaintiffs claimed.   Indeed, considering
the peculiar nature of the controversy we think it is true
to say that the effect of the extrinsic evidence was in
substance to support and not to contradict the plat with
reference to which the tract was patented to the defendant.

The only Federal question presented by the record
having been correctly adjudicated, it results that the
judgment must be and it is

*Affirmed.*