# OHIO VALLEY WATER COMPANY *v.* BEN AVON BOROUGH ET AL.

## ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 128. Argued October 15, 1919; restored to docket for reargument January 12, 1920; reargued March 5, 8, 1920.—Decided June 1, 1920.

An order of a commission fixing the maximum future rates chargeable by a water company violates due process of law if no fair opportunity is provided by the state law for submitting the question whether the rates are confiscatory to the determination of a judicial tribunal upon its own independent judgment as to both law and fact. P. 289.

The Public Service Commission Law of Pennsylvania, as construed by the Supreme Court of the State in this case, fails to provide such an opportunity by way of appeal from the Public Service Commission to the Superior Court, nor does it clearly appear, in the absence of definitive construction by that court, that such opportunity exists by way of injunction proceedings under §31 of the act or otherwise under the law of the State. P. 290.

260 Pa. St. 289, reversed.

THE case is stated in the opinion.

*Mr. William Watson Smith* and *Mr. John G. Buchanan*, with whom *Mr. George B. Gordon* was on the briefs, for plaintiff in error.[1]

*Mr. Berne H. Evans* and *Mr. Leonard K. Guiler*, with whom *Mr. David L. Starr* and *Mr. Albert G. Liddell* were on the briefs, for defendants in error.

---

[1] At the first hearing the case was argued by *Mr. William Watson Smith* and *Mr. George B. Gordon*, for plaintiff in error. *Mr. John G. Buchanan* was on the brief.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Acting upon a complaint charging plaintiff in error, a water company, with demanding unreasonable rates, the Public Service Commission of Pennsylvania instituted an investigation and took evidence. It found the fair value of the company's property to be $924,744 and ordered establishment of a new and lower schedule which would yield seven per centum thereon over and above operating expenses and depreciation.

. Claiming the Commission's valuation was much too low and that the order would deprive it of a reasonable return and thereby confiscate its property, the company appealed to the Superior Court. The latter reviewed the certified record, appraised the property at $1,324,621.80, reversed the order and remanded the proceeding with directions to authorize rates sufficient to yield seven per centum of such sum.

The Supreme Court of the State reversed the decree and reinstated the order saying—"The appeal [to the Superior Court] presented for determination the question whether the order appealed from was reasonable and in conformity with law, and in this inquiry was involved the question of the fair value, for rate making purposes, of the property of appellant, and the amount of revenue which appellant was entitled to collect. In its decision upon the appeal, the Superior Court differed from the commission as to the proper valuation to be placed upon several items going to make up the fair value of the property of the water company for rate making purposes." It considered those items and held that as there was competent evidence tending to sustain the Commission's conclusion and no abuse of discretion appeared, the Superior Court should not have interfered therewith. "A careful examination of the voluminous record in this case has led us to the

conclusion that in the items wherein the Superior Court differed from the commission upon the question of values, there was merely the substitution of the former's judgment for that of the commission, in determining that the order of the latter was unreasonable."

Looking at the entire opinion we are compelled to conclude that the Supreme Court interpreted the statute as withholding from the courts power to determine the question of confiscation according to their own independent judgment when the action of the Commission comes to be considered on appeal.

The order here involved prescribed a complete schedule of maximum future rates and was legislative in character. *Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210; *Lake Erie & Western R. R. Co.* v. *State Public Utilities Commission*, 249 U. S. 422, 424. In all such cases, if the owner claims confiscation of his property will result, the State must provide a fair opportunity for submitting that issue to a judicial tribunal for determination upon its own independent judgment as to both law and facts; otherwise the order is void because in conflict with the due process clause, Fourteenth Amendment. *Missouri Pacific Ry. Co.* v. *Tucker*, 230 U. S. 340, 347; *Wadley Southern Ry. Co.* v. *Georgia*, 235 U. S. 651, 660, 661; *Missouri* v. *Chicago, Burlington & Quincy R. R. Co.*, 241 U. S. 533, 538; *Oklahoma Operating Co.* v. *Love*, 252 U. S. 331.

Here the insistence is that the Public Service Company Law as construed and applied by the Supreme Court has deprived plaintiff in error of the right to be so heard; and this is true if the appeal therein specifically provided is the only clearly authorized proceeding where the Commission's order may be challenged because confiscatory. Thus far plaintiff in error has not succeeded in obtaining the review for which the Fourteenth Amendment requires the State to provide.

Article VI, Public Service Company Law of Pennsylvania—

"Section 31. No injunction shall issue modifying, suspending, staying, or annulling any order of the commission, or of a commissioner, except upon notice to the commission and after cause shown upon a hearing. The court of Common Pleas of Dauphin County is hereby clothed with exclusive jurisdiction throughout the Commonwealth of all proceedings for such injunctions, subject to an appeal to the Supreme Court as aforesaid. Whenever the commission shall make any rule, regulation, finding, determination, or order under the provisions of this act the same shall be and remain conclusive upon all parties affected thereby, unless set aside, annulled, or modified in an appeal or proceeding taken as provided in this act."

It is argued that this section makes adequate provision for testing judicially any order by the Commission when alleged to be confiscatory, and that plaintiff in error has failed to take advantage of the opportunity so provided.

The Supreme Court of Pennsylvania has not ruled upon effect or meaning of § 31, or expressed any view concerning it. So far as counsel have been able to discover, no relief against an order alleged to be confiscatory has been sought under this section, although much litigation has arisen under the act. It is part of the article entitled—"Practice and Procedure before the Commission and upon Appeal." Certain opinions by the Supreme Court seem to indicate that all objections to the Commission's orders must be determined upon appeal—*St. Clair Borough* v. *Tamaqua & Pottsville Electric Ry. Co.*, 259 Pa. St. 462; *Pittsburgh Railways Co.* v. *Pittsburgh*, 260 Pa. St. 424—but they do not definitely decide the point.

Taking into consideration the whole act, statements by

the state Supreme Court concerning the general plan of regulation, and admitted local practice, we are unable to say that § 31 offered an opportunity to test the order so clear and definite that plaintiff in error was obliged to proceed thereunder or suffer loss of rights guaranteed by the Federal Constitution. On the contrary, after specifying that within thirty days an appeal may be taken to the Superior Court (§ 17) the act provides (§ 22): "At the hearing of the appeal the said court shall, upon the record certified to it by the commission, determine whether or not the order appealed from is reasonable and in conformity with law." But for the opinion of the Supreme Court in the present cause, this would seem to empower the Superior Court judicially to hear and determine all objections to an order on appeal and to make its jurisdiction in respect thereto exclusive. Of this the latter court apparently entertained no doubt; and certainly counsel did not fatally err by adopting that view, whatever meaning finally may be attributed to § 31.

Without doubt the duties of the courts upon appeals under the act are judicial in character—not legislative, as in *Prentis* v. *Atlantic Coast Line Co., supra.* This is not disputed; but their jurisdiction, as ruled by the Supreme Court, stopped short of what must be plainly entrusted to some court in order that there may be due process of law. Plaintiff in error has not had proper opportunity for an adequate judicial hearing as to confiscation; and unless such an opportunity is now available, and can be definitely indicated by the court below in the exercise of its power finally to construe laws of the State (including of course § 31), the challenged order is invalid.

The judgment of the Supreme Court of Pennsylvania must be reversed and the cause remanded there with instructions to take further action not inconsistent with this opinion.

                                        *Reversed.*

Mr. Justice Brandeis, dissenting.

The Public Service Commission of Pennsylvania, acting upon complaint of Ben Avon Borough and others, found, after due notice and hearing, that increased rates adopted by the Ohio Valley Water Company were unreasonable; and it prescribed a schedule of lower rates which it estimated would yield seven per cent. net upon the value of the property used and useful in the service. The company appealed to the Superior Court, contending that the property had been undervalued and that the rates were, therefore, confiscatory in violation of the Fourteenth Amendment. That court, passing upon the weight of the evidence introduced before the Commission, found that larger amounts should have been allowed for several items which entered into the valuation, reversed the order on that ground, and directed the Commission to reform its valuation accordingly and upon such revised valuation to fix a schedule of rates which would yield the net return which it had found to be fair. From the decision of the Superior Court the Commission appealed to the Supreme Court of the State, contending that the Superior Court had in passing upon the weight of the evidence exceeded its jurisdiction. The Supreme Court sustained this contention; and holding, upon a careful review of the evidence and of the opinions below, that the Commission had been justified in its findings by "ample testimony" or "competent evidence" and that they were not unreasonable, reversed the decree of the Superior Court and reinstated the order of the Commission. 260 Pa. St. 289. The case comes here on writ of error under § 237 of the Judicial Code, as amended, the company claiming that its rights guaranteed by the Fourteenth Amendment have been violated: (1) because the Public Service Company Law, as construed by the Supreme Court of the State, denies the opportunity of a judicial review of the Commission's

order; and (2) that the order,.which was reinstated by the Supreme Court, confiscates its property.

*First:* The Commission's order, although entered in a proceeding commenced upon due notice, conducted according to judicial practice and participated in throughout by the company,. was a legislative order; and, being such, the company was entitled to a judicial review. *Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210, 228. The method of review invoked by the company under specific provisions of the statute was this: A stenographic report is made of all the evidence introduced before the Commission. On a record consisting of such evidence, the opinion and the orders, the case is appealed to the Superior Court, which is given power, if it finds that the order appealed from "is unreasonable or based upon incompe-tent evidence materially affecting the determination or order of the commission, or is otherwise not in conformity with law" either to reverse the order or to remand the record to the Commission with direction to reconsider the matter and make such order as shall be reasonable and in conformity with law. No additional evidence may be introduced in the Superior Court;.but it may remand the case to the Commission with directions to hear newly discovered evidence and upon the record thus supple-mented to enter such order as may be reasonable and in conformity with law. From such new order a like appeal lies to that court. Act of July 26, 1913, No. 854, §§ 21–25, P. L. 1913, pp. 1427, 1428; Act of July 3, 1915, No. 345, P. L. 1915, p. 779. The Supreme Court construed this act as denying to the Superior Court the power to pass upon the weight of evidence; and the company contends that for this reason the review had does not satisfy the constitutional requirements of a judicial review.[1]

---

[1] In *Napa Valley Electric Co.* v. *Railroad Commission*, 251 U. S. 366, this court had before it in § 67 of the Public Utilities Act of California a procedure substantially similar to that provided by §§ 21–25 of the

Whether the appeal to the Superior Court fails for the reason assigned, or for some other reason, to satisfy the constitutional requirements of a judicial review we need not determine; because the statute left open to the company, besides this limited review, the right to resort in the state courts, as well as in the federal court, to another and unrestricted remedy; the one commonly pursued when challenging the validity of a legislative order of this nature, namely, a suit in equity to enjoin its enforcement. See *Louisville & Nashville R. R. Co.* v. *Garrett*, 231 U. S. 298, 311; *Wadley Southern Ry. Co.* v. *Georgia*, 235 U. S. 651, 661. For § 31 (P. L. 1913, p. 1429) provides:

"No injunction shall issue modifying, suspending, staying, or annulling any order of the commission, or of a commissioner, except upon notice to the commission and after cause shown upon a hearing. The court of Common Pleas of Dauphin County is hereby clothed with exclusive jurisdiction throughout the Commonwealth of all proceedings for such injunctions, subject to an appeal to the Supreme Court as aforesaid. Whenever the commission shall make any rule, regulation, finding, determination, or order under the provisions of this act the same shall be and remain conclusive upon all parties affected thereby, unless set aside, annulled, or modified in an appeal or proceeding taken as provided in this act."

Resort to suit for injunction is made easy in rate controversies like the present by § 41, p. 1432, in which it is provided that the penalties for failure to obey the Commission's orders imposed by §§ 35, 36 and 39, pp. 1430, 1431, shall not apply to an order declaring a rate unreasonable, if the tariff of rates actually charged is filed

---

Pennsylvania Act set forth above. The court strongly intimated, if it did not decide, that under the provisions of the act the mere denial of a petition to the Supreme Court of the State for a writ of certiorari amounted to an adequate judicial determination of the petitioner's rights.

with the Commission. The appeal provided for in §§ 22–25 was under the original act also to the Court of Common Pleas, but was changed to the Superior Court by the Act of July 3, 1915.

No decisions of the Supreme Court of Pennsylvania construing § 31 of this act have been brought to our attention. The company contends, however, that the construction here suggested has been inferentially made untenable by *dicta* in *St. Clair Borough* v. *Tamaqua & Pottsville Electric Ry. Co.,* 259 Pa. St. 462; *Pittsburgh Railways Co.* v. *Pittsburgh,* 260 Pa. St. 424; *Klein-Logan Co.* v. *Duquesne Light Co.,* 261 Pa. St. 526. But the language relied upon was in each instance used by the court in making the point, not that the sole method of review was by appeal as distinguished from a bill in equity, but that the function of the courts was to review only after the Commission had in the first instance passed upon the case.

Where a State offers a litigant the choice of two methods of judicial review, of which one is both appropriate and unrestricted, the mere fact that the other which the litigant elects is limited, does not amount to a denial of the constitutional right to a judicial review. The alternative or additional remedy in the present case was in effect an appeal on the law applicable to facts found below. It is in substantial accord with the practice pursued in other appellate courts and approved in *New York & Queens Gas Co.* v. *McCall,* 245 U. S. 345. It is true, however, that an additional or alternative remedy may deny the constitutional right to due process of law because of its nature or the course of the proceeding. See *Iowa Central Ry. Co.* v. *Iowa,* 160 U. S. 389. And it is the contention of the plaintiff that because the Supreme Court did not weigh the evidence but reinstated the order of the Commission on account of there being substantial evidence to support it, the procedure was not a judicial review and denied it due process of law. The defendants, on the other hand,

insist that the action of the Supreme Court, in reinstating the order, found not merely that there was substantial evidence, but, upon a full review, that there was ample evidence to support the findings, and that the order was reasonable. They contend that the course pursued by the Supreme Court in making such review was that customarily followed in Pennsylvania, both by appellate courts on appeals from chancellors and by trial courts on exceptions to reports of auditors, masters or referees, *Barnes's Estate*, 221 Pa. St. 399; and they point out that the same method was pursued on appeal to the Supreme Court prior to the enactment of the Public Service Company Law, at a time when proceedings by consumers to secure reduction of water rates alleged to be unreasonably high were brought in the Court of Common Pleas, subject to appeal to the Supreme Court. *Turtle Creek Borough* v. *Pennsylvania Water Co.*, 243 Pa. St. 401.

The contention of neither party is in my opinion wholly correct. Both overlook the nature of the question of law which was under review by the Supreme Court. It is true that there was no statutory limitation upon the scope of its review; but it does not follow either that the Supreme Court weighed the evidence and found that the preponderance supported the findings, or that because it failed to weigh the evidence there was either a denial of due process or even a mistake of law. The questions of law before the Supreme Court were, first, whether the Superior Court had jurisdiction to weigh the evidence; second, whether in rendering its decision it weighed the evidence; and third, whether the valuation of the plaintiff's property was so low that a rate based upon it would operate to deprive the plaintiff of property without due process of law, would confiscate its property. On each of these questions the Supreme Court found against the contentions of the plaintiff. It held that the Superior Court did not have revisory legislative powers, but only the power to

review questions of law—in the present case, whether there was evidence on which the valuation adopted could reasonably have been found; and in so holding it acted upon the established principle applied in reviewing the findings of administrative boards, that "courts will not examine the facts further than to determine whether there was substantial evidence to sustain the order," *Interstate Commerce Commission* v. *Union Pacific R. R. Co.*, 222 U. S. 541, 547–548. It, therefore, reinstated the order of the Commission. But it did not do so as an appellate court reviewing on the weight of the evidence findings of fact made by the Superior Court. It did so solely because the only question before it was whether there was substantial evidence to support the finding of value; for if the valuation was legally arrived at, the order was confessedly reasonable. *Interstate Commerce Commission* v. *Union Pacific R. R. Co., supra; San Diego Land & Town Co.* v. *Jasper*, 189 U. S. 439, 441, 442. The presumption created by § 23, P. L., p. 1427, by which an order of the Commission is made *prima facie* evidence of its reasonableness is in no sense a limitation upon the scope of the review. It is in effect the presumption which this court has declared to exist in rate cases, independently of statute, in favor of the conclusion of an experienced administrative body reached after a full hearing. *Darnell* v. *Edwards*, 244 U. S. 564, 569.

*Second.* As the company had the opportunity for a full judicial review through a suit in equity for an injunction, as it was not denied due process by disregard in the proceedings actually taken of the essentials of judicial process, and since it is clear that the findings of the Commission were supported by substantial evidence, the judgment of the Supreme Court of Pennsylvania must be affirmed, unless, as contended, the claim of confiscation compels this court to decide, upon the weight of the evidence, whether or not its property has been undervalued or unless some error in law is shown.

The case is here on writ of error to a state court. It is settled that in such cases we accept the facts as there found, not only in actions at law, *Dower* v. *Richards*, 151 U. S. 658; but, also, where, as in chancery, the record contains all the evidence and it was open for consideration by and actually passed upon by the highest court of the State, *Egan* v. *Hart*, 165 U. S. 188; *Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 86, 107. And this is true, although the existence of a federal question depends upon the determination of the issue of fact, and although the finding of fact will determine whether or not there has been a taking of property in violation of the Fourteenth Amendment. *Minneapolis & St. Louis R. R. Co.* v. *Minnesota*, 193 U. S. 53, 65. This court may, of course, upon writ of error to a state court "examine the entire record, including the evidence, . . . to determine whether what purports to be a finding upon questions of fact is so involved with and dependent upon questions of law as to be in substance and effect a decision of the latter," *Kansas City Southern Ry. Co.* v. *Albers Commission Co.*, 223 U. S. 573, 591–593; *Cedar Rapids Gas Light Co.* v. *Cedar Rapids*, 223 U. S. 655, 668; *Graham* v. *Gill*, 223 U. S. 643, 645. But in order that such examination may be required or be permissible, its purpose must not be to pass upon the relative weight of conflicting evidence, *Oregon Railroad & Navigation Co.* v. *Fairchild*, 224 U. S. 510, 528, and to substitute the judgment therein of this court for that of the lower court; but to ascertain whether a finding was unsupported by evidence, or whether evidence was properly admitted or excluded, or whether in some other way a ruling was involved which is within the appellate jurisdiction of this court. *Northern Pacific Ry. Co.* v. *North Dakota*, 236 U. S. 585, 593; *Norfolk & Western Ry. Co.* v. *West Virginia*, 236 U. S. 605.

Here, it is clear, there was substantial evidence to support the findings of the Commission; and no adequate reason is shown for declining to accept as conclusive the

facts found by the state tribunals. See *Portland Railway, Light & Power Co.* v. *Oregon Railroad Commission,* 229 U. S. 397; *Miedreich* v. *Lauenstein,* 232 U. S. 236. The rates are predicated on the company's earning seven per cent. net on the value of its property used and useful in the service, after deducting from the income all expenses and charges for depreciation. It is conceded that seven per cent. is a fair return upon the investment and it is not contended that any erroneous rule has been applied in ascertaining the expenses of operation or the depreciation charges. The claim that the rates are confiscatory rested wholly on the contention that the property was undervalued; and on that question the contention is that the court failed to give due weight to the evidence adduced by the company and that the processes by which the Commission arrived at the value it fixed differed from that often pursued by courts and administrative bodies. To this the Supreme Court of Pennsylvania said: "The ascertainment of the fair value of the property, for rate making purposes, is not a matter of formulas, but it is a matter which calls for the exercise of a sound and reasonable judgment upon a proper consideration of all relevant facts." The objections to the valuation made by the company raise no question of law but concern pure matters of fact; and the finding of the Commission, affirmed by the highest court of the State, is conclusive upon this court. The case at bar is wholly unlike *Great Northern Ry. Co.* v. *Minnesota,* 238 U. S. 340; and *Union Pacific R. R. Co.* v. *Public Service Commission of Missouri,* 248 U. S. 67, where this court reversed the judgments as matter of law upon the facts found by the Commission.

In my opinion the judgment of the Supreme Court of Pennsylvania should be affirmed.

MR. JUSTICE HOLMES and MR. JUSTICE CLARKE concur in this dissent.