# Borough of Lewistown, Appellant, *v.* The Public Service Commission.

*Public Service Company Law—Public Service Commission—Water companies—Rates—Valuation—Evidence—Sufficiency.*

In ascertaining the fair value for rate-making purposes of the property of a public service company, the Public Service Commission is not restricted to an allowance of a fair return upon the amount of capital actually invested by the owners, exclusive of borrowed money used in the construction of the plant. The true rule is that the company is entitled to a rate which will allow a just and reasonable return on the present fair value of its property, used and useful in the public service.

In reviewing an order of the Public Service Commission, where the question of confiscation is not involved, it is not the province of the Superior Court to substitute its judgment as to the rates to be charged for that of the commission or usurp administrative functions committed to it. Power to make the order and not the mere expediency or wisdom of having made it, is the question.

Where an appeal is taken by the public utility from an order fixing a valuation, if confiscation is claimed, the State must provide a fair opportunity for submitting that issue to a judicial tribunal for determination upon its own independent judgment as to both the law and the facts; otherwise the order is void because in conflict with the clause of the 14th Amendment of the United States Constitution relative to taking property without due process of law.

On an appeal by the rate payer, where the question of confiscation of property is not involved, the scope of the review will be confined to whether or not the order of the commission was reasonable and in conformity with law.

*Public Service Commission—Appeals—Interlocutory orders.*

The Public Service Company Law does not limit appeals to the Superior Court to final orders of the commission, but to such as dismiss the complaint or direct the company to satisfy the cause of complaint, in whole or to such extent as the commission may specify.

Argued March 15, 1923. Appeal, No. 2, March T., 1923, by complainants, from the report and order of the Public Service Commission of the Commonwealth of

528, (1923).]           Statement of Facts.

Pennsylvania, Complaint Docket, Nos. 3498, 3499, 3500, 3507, 3508, 3509, 3556, in the case of Rarick et el. v. Lewistown-Reedsville Water Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Complaint against increased schedule of rates filed by Lewistown-Reedsville Water Company.

The facts are stated in the opinion of the Superior Court.

The commission made the following order:

These matters being before the Public Service Commission of the Commonwealth of Pennsylvania upon complaints and answers on file, and having been duly heard and submitted by the parties, and full investigation of the matters and things involved having been had, and the commission having on the date hereof made and filed of record a report containing its findings of fact and conclusions thereof, which said report is hereby approved and made part hereof:

Now, to wit, February 1, 1922, it is ordered; That the complaints to the extent indicated in the foregoing report be and the same are hereby severally sustained, and the Lewistown-Reedsville Water Company, respondent, is hereby ordered and directed, within fifteen (15) days from the date of the service hereof; to file, post and publish effective upon one day's notice to the public and this commission, a new tariff schedule of rates designed to produce an annual gross revenue of ninety-seven thousand dollars ($97,000) exclusive of the revenue to be derived by respondent from the Viscose Company:

It is further ordered: That said tariff schedule shall, in addition to said annual gross revenue of ninety-seven thousand dollars ($97,000), provide separately such rates for service rendered to the Viscose Company, as respondent may deem reasonable and proper:

It is further ordered: That within a reasonable period after the expiration of one year from the effective date

VOL. LXXX—34

530 LEWISTOWN BOROUGH, Appel., *v.* PUB. SER. COM.

Statement of Facts—Opinion of the Court. [80 Pa. Superior Ct.

of said tariff schedule the Lewistown-Reedsville Water Company, respondent, submit to the commission and furnish to the several complainants herein, an itemized statement of the operating revenues and expenses for said year, which shall include separately the revenue received from the cost of rendering service to the Viscose Company, together with a statement of any expenditures which may have been made by respondent, or which it may contemplate making pursuant to any plans which it has or may adopt for the improvement of its property.

Jurisdiction of these proceedings is hereby retained for the purpose of taking such further action as the commission may deem just and proper.

*Error assigned,* among others, was the order of the commission.

*John R. Geyer,* and with him *William W. Uttley,* for appellant.

*J. E. B. Cunningham,* and with him *Spencer G. Nauman, L. J. Durbin* and *A. Reed Hayes,* for intervening appellee.

*Frank M. Hunter,* Counsel, and with him *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY KELLER, J., April 23, 1923:

On May 29, 1920, the Lewistown-Reedsville Water Company filed a new schedule of rates effective July 1, 1920. Complaints against the reasonableness of the new rates were filed prior to the effective date. These were consolidated and heard together. The commission found the fair value of the company's used and useful property to be one million dollars, and allowed seven per cent per annum as a fair return thereon; it also allowed an annual depreciation of $7,500 and operating expenses of

$19,500, which entitled the company to a total gross annual revenue of $97,000. As the gross revenue in 1921 under the new schedule was $107,662, and for the last six months of 1920, $58,207, the commission sustained the complaints and ordered the respondent to file a new schedule of rates designed to produce a gross revenue of $97,000. This was in addition to the revenues to be derived from the Viscose Company, a newly located establishment, which contemplated using a large amount of water, but which would necessitate the building of new lines and, perhaps, the installing of new pumps, with a considerable capital outlay, the net result of which was somewhat problematical. It was, however, ordered that the company furnish the commission an itemized statement of its operating revenues and expenses for the first year after the revised schedule went into effect, keeping separate account of the revenue received from, and the cost of rendering service to, the Viscose Company, as well as any improvements made or contemplated to the property, so that the schedule might be corrected by the commission if deemed just and proper to do so. The complainants appealed.

The assignments of error raise a number of questions which we will discuss in the following order:

1. The elements proper to be considered by the Public Service Commission in ascertaining and determining the fair value for rate-making purposes of the property of a public service company are enumerated at some length in section 20 (a), article V, of the Public Service Company Law and have been considered in decisions so fully and recently, (Ben Avon Boro. v. Ohio Valley Water Co., 68 Pa. Superior Ct. 561, 577; Beaver Valley Water Co. v. P. S. C., 76 Pa. Superior Ct. 255, 259; Scranton v. P. S. C., decided by this court April 16, 1923, (October Term, 1921, No. 152, 80 Pa. Superior Ct. 549), that it is not necessary to mention them here in detail. It suffices to say that the commission is not restricted to an allowance of a fair return upon the amount of capital actually

invested by the owners, exclusive of borrowed money used in the construction of the plant, as contended by appellants. Brymer v. Butler Water Co., 179 Pa. 231, is not authority for any such doctrine, as appellants suggest, but if it were, it would have to give way to the Public Service Company Law. In the Brymer case it was said: "The cost of the water to the company includes a fair return to the persons who furnished the capital for the construction of the plant, in addition to an allowance annually of a sum sufficient to keep the plant in good repair and to pay any fixed charges and operating expenses" (p. 251). This was a declaration of the principle that a public service company is entitled to a fair return upon its property, but was not a fixing of the standard of value on which such fair return was to be based. This was recognized in the decisions following it. In Penna. R. R. Co. v. Phila. County, 220 Pa. 100, 115, it was said, (citing the Brymer case), that the elements to be considered in fixing such fair return or profit should include "the original investment, the risks assumed at the time, the returns as compared with other enterprises as nearly similar as may be, the cost of maintenance and improvement, the prospects of increase and the present value in view of the preceding elements." And in Turtle Creek Boro. v. Penna. Water Co., 243 Pa. 401, 414, the court said: "The rates must not be confiscatory and they must be such as to yield a fair return upon a just valuation of the plant." Original cost is but one of the factors to be considered in the determination of the fair value of a public utility for rate-making purposes and is not controlling in arriving at such value: Mercersburg Elec. Co. v. P. S. C., 76 Pa. Superior Ct. 58. It may be more or less than the fair value. If the construction was reckless or improvident it would be too high; on the other hand it might be less than the company was entitled to. The true rule is that the company is entitled to a rate which will allow a just and reasonable return on the present fair value of its property used and useful in the public service: The Min-

nesota Rate Cases, 230 U. S. 352; Willcox v. Consolidated Gas Co., 212 U. S. 19.

2. Appellant admits that there was competent and substantial testimony produced before the commission on which to. base the findings of fact and order of the commission, but asks this court to disregard such findings and on its own independent judgment as to the law and the facts in evidence make its own findings as to the fair value of the water company's property and the annual gross revenues which it is entitled to receive. We do not understand that such is our province in the status of this case. No question of confiscation is raised in this appeal, but only whether the order of the commission is reasonable and in conformity with law. In such circumstances the duty of this court was stated in Lansdowne Boro. v. P. S. C., 74 Pa. Superior Ct. 203, 209, as follows: "In reviewing the order of the commission it is not our province to substitute our judgment as to the rates to be charged for that of the commission or usurp administrative functions committed to it. Power to make the order and not the mere expediency or wisdom of having made it, is the question. The order of the commission in the premises is final unless (1) beyond the power which it could constitutionally exercise; or (2) beyond its statutory power; or (3) based upon a mistake of law; or (4) the result of the commission's having arbitrarily fixed the rates contrary to evidence, or without evidence to support it, or in a grossly unreasonable manner." It is true that this statement of the law was based on the opinion of the Supreme Court in Ben Avon Boro. v. Ohio Valley Water Co., 260 Pa. 289, 297, and that decision was reversed by the Supreme Court of the United States in Ohio Valley Water Co. v. Ben Avon Boro., 253 U. S. 287, but the basis for the reversal was stated in the following extract from the opinion: "The order here involved prescribed a complete schedule of maximum future rates and was legislative in character. (Citations) In all such cases, if the owner claims confiscation of his

property will result, the State must provide a fair opportunity for submitting that issue to a judicial tribunal for determination upon its own independent judgment as to both law and facts; otherwise the order is void because in conflict with the due process clause, 14th amendment" (p. 289). Following that decision the Supreme Court of Pennsylvania decided that this court was the judicial tribunal to determine upon its own independent judgment as to both law and facts whether such legislative order resulted in confiscation: Ben Avon Boro. v. Ohio Valley Water Co., 271 Pa. 346, 350. We do not understand from this, however, that where the question of confiscation of property is not involved the rule laid down by the Supreme Court in 260 Pa. 289 has been abrogated or disturbed. We are not aware of any authority, prior to the Public Service Company Law which conferred upon a rate payer the right to challenge a rate fixed by the legislature on the ground that it was too high. A statutory enactment fixing the rates of a public service company could only be held invalid by the courts of this State if it was so unreasonable as to be confiscatory of the company's property or to work injustice to the corporators: Penna. R. R. Co. v. Phila. County, supra, p. 114; and this, in effect, amounted to confiscation. The Public Service Company Law gives the rate payer the right of appeal from the orders of the commission, but the scope of the inquiry in such circumstances is limited as before stated. The contention of the appellants on this point has, since the argument, been considered exhaustively by Judge PORTER in Scranton v. P. S. C., supra, and decided against them.

3. The same principle applies with respect to the commission's findings and order as to operating expenses. They were not determined arbitrarily or in a grossly unreasonable manner, but are supported by substantial evidence; and our attention has not been called to any item allowed contrary to law.

4. We are not satisfied that the commission erred in allowing for the Reedsville reservoir, though not now in use, as a reserve or potential asset of the water company · to be considered in fixing the valuation for rate-making purposes. It would seem that a reservoir, which, though not now actually operated, may, at times, be utilized in the public service, is useful as a reserve, and may be considered of some value in estimating the rate base. The allowance made by the commission for such present rate base, of fifty per cent of its reproduction cost does not in the circumstances appear unreasonable.

5. The commission did not totally disregard the original cost of the plant in determining the fair value of the respondent's property for rate-making purposes. On the contrary, it fully considered the estimates made by both complainants' and respondent's engineers as to the original cost, but as complete records were not available and the figures submitted were merely estimates, concluded that they did not furnish an accurate statement of original cost which could be used in determining fair value. We see no error in this. See Beaver Valley Water Co. v. P. S. C., 76 Pa. Superior Ct. 255, 260.

The remaining questions raised by the assignments of error do not merit special consideration. The order, in our opinion, is reasonable and in conformity with law.

As to the contention of the intervening appellee that the order of the commission is not final and the appeal is, therefore, premature, the Public Service Company Law does not limit appeals to this court to "final orders" of the commission, but to such as dismiss the complaint or direct the company to satisfy the cause of complaint in whole or to such extent as the commission may specify: article VI, sections 10 and 17; Citizens Pass. Ry. Co. v. P. S. C., 271 Pa. 39, 48, 49, 50. The order appealed from was of such a character.

The appeal is dismissed and the order of the commission is affirmed at the costs of the appellant.