GRAYS HARBOR STEVEDORE CO. et al. v. MARSHALL et al.

ROTHSCHILD & CO. et al. v. SAME.

District Court, W. D. Washington. December 16, 1929.

Nos. 671 and 693.

In Case No. 671:

Roy E. Bigham, of Seattle, Wash., for plaintiffs.

Lord & Moulton, of Portland, Or., for defendants.

In Case No. 693:

Roberts, Skeel & Holman, of Seattle, Wash., for plaintiffs.

Vandeveer, Bassett & Levinson, of Seattle, Wash., for defendants.

BOURQUIN, District Judge. These are proceedings pursuant to the Longshoremen's and Harbor Workers' Compensation Act, title 33, section 902 et seq., USCA, to review and set aside certain compensation orders made by the deputy commissioner upon evidence presented in hearings before him. To that end, plaintiffs allege only that the orders are contrary to law, for that there was no evidence presented as aforesaid which supports them.

The deputy has not certified the evidence as he should, but transcripts are filed which the parties agree contain it. Of course, upon it alone have been the instant hearings. For although the law as in decisions construed or established in respect to court review of the orders of administrative boards and officers is more or less affected by the trend of the times and in flux and confusion (see the opinions in the Ben Avon Case, 253 U. S. 287, 40 S. Ct. 527, 64 L. Ed. 908), it is believed that in this statutory review, as distinguished from a suit in equity, the court is limited to the evidence before the boards or officers, is not to substitute its judgment for theirs in respect to mere conflicts in or weight of evidence, but is to determine only whether, as plaintiffs allege, the orders are without substantial evidence legally sufficient to sustain them. See Oregon, etc., Co. v. Fairchild, 224 U. S. 526, 32 S. Ct. 535, 56 L. Ed. 863; Com'n v. Railway Co., 222 U. S. 547, 548, 32 S. Ct. 108, 56 L. Ed. 308; cases, dissenting opinion, Ben Avon Case, supra, 253 U. S. 297, 40 S. Ct. 529, 64 L. Ed. 908.

Adverting to the second case, the evidence discloses that at the hearing before the deputy on August 19, 1929, the employee testified that March 11, 1929, while engaged in lifting, he "was hurt in the back, * * * got a wrench in my back, * * * gave me a sharp pain in the back, * * * I couldn't continue with no work, * * * I had to quit"; that thereupon he drove his car to the hospital, and he is "still disabled." In addition is the testimony of two witnesses, referred to as doctors, who for the employer testified examination of the employee discloses that for years he had been and now is afflicted with arthritis of the spine, which might disable him at any time, that his lifting aggravated that condition, and that his present condition rendered it doubtful if he could presently engage in hard labor; "the time may come when he can do hard labor; I think he can do some light job now." Upon this, literally all the material evidence, the deputy found total disability from March 11, 1929, to and continuing at the time of his award accordingly.

The evidence is scanty, ambiguous, indefinite, and uncertain in respect to the elements of effect, continuity, and time, and is not legally sufficient to warrant what appears to be the deputy's arbitrary finding. Neither expressly nor by reasonable implication does it appear that the employee has been continuously or at all totally disabled in respect to any and all employment.

In so far as it is urged that the employee's previous diseased condition abates compensation in part at least, it is without warrant in the statute, which contains no exception in that behalf. The employee's disease is not a "previous disability," within the statutory limitation. See sections 902(10), 908(f). The employer assumes the risk of an employee's diseased condition aggravated by injury, to avoid which he must X-ray him before injury rather than after it; in other words, must not employ him. The deputy's order is set aside.

Adverting to the first case, the deputy found that by reason of injury to his foot the employee suffered temporary total disability for 67 weeks, and permanent partial disability equivalent to 25 per cent. of a foot lost, and he awarded compensation for the 67 weeks plus 25 per cent. of 205 weeks.

Defendants contend that section 908(c) (22) limits compensation to the excess of 67 weeks over 32 weeks, plus 25 per cent. as aforesaid. Section 908, in subdivision (b), provides that, for temporary total disability, compensation "shall be paid during the continuance thereof"; in subdivision (c)(4) it provides that for permanent partial disability due to the loss of a foot, or (18) its permanent total use, compensation shall be paid for 205 weeks; (19) for permanent partial

loss of foot or use, compensation proportionately; and (22) "in case of temporary total disability and permanent partial disability, both resulting from the same injury, if the temporary total disability continues for a longer period" than 32 weeks by reason of a foot lost, "the period of temporary total disability in excess of such number of weeks shall be added to the compensation period provided in subdivision (c) of this section. * * * In any case resulting in loss or partial loss of use of * * * foot, * * * where the temporary total disability does not extend beyond the periods above mentioned for such injury, compensation shall be limited to the schedule contained in subdivision (c)."

It is plain that section 908 involves more or less absurd possibilities, but none the less it must be accepted as written; for the statute both creates and measures the employee's right. The courts can but administer it as written, Congress alone having power to remedy any its lack or peculiarities.

That the statute contemplates compensation for both temporary total and permanent partial disabilities is clear, but to be measured and computed as the statute directs is equally clear. It would seem that (22) sustains defendants' contention; for it provides that, when both accrue from one foot injury, if the temporary total does not exceed 32 weeks, compensation shall be limited to 205 weeks; that is, to whatever number of weeks the temporary total endures, plus whatever number of weeks thereafter, the total not exceeding said 205 weeks, the permanent partial endures; and that in such case, if the temporary total exceeds 32 weeks, compensation shall be limited to 205 weeks, plus the excess aforesaid, that is, in the instant case, the full statutory compensation for the excess of 35 weeks, plus a due proportion of said compensation for such number of weeks thereafter, not exceeding 205, as the permanent partial disability may endure. See Texas, etc., Ass'n v. Sheppeard (D. C.) 32 F.(2d) 300.

The employee's disability is largely due to a bunion aggravated by the injury, and defendants' contention for abatement of compensation by reason thereof is sufficiently answered in the foregoing, relating to the like contention in the second of these cases. To the contention that the evidence does not support the deputy's findings in respect to the extent of the disabilities, it suffices to say that it is not sustained.

To the extent that the deputy's award and order exceeds 35 weeks at full statutory compensation, plus 205 weeks at 25 per cent. of full statutory compensation, if permanent partial disability so long endures subsequent to said 35 weeks, it is not in accordance with law and is set aside.

In both cases the deputy commissioner will proceed accordingly.