HARRY N. BAETJER ET AL., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, ROBERTO H. TODD JR., JUDGE, Respondent.

No. 1199. Argued February 5, 1940.—Decided April 26, 1940.

*Fiddler, McConnel* and *González* for petitioners. *R. Arjona Siaca, pro se,* adverse party in the main action. *George A. Malcolm, Attorney General,* and *Pablo Defendini, Assistant Attorney General,* for the People as adverse party in the main action. *T. Torres Pérez* for the Public Service Commission.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Petitioners herein, as trustees and agents of the Eastern Sugar Associates, applied in May 1938, to the Public Service

Commission of Puerto Rico for a franchise to take water from the Humacao river to be used in the irrigation of 485.24 cuerdas of land planted to sugar cane. The People of Puerto Rico and Rafael Arjona Siaca opposed the granting of the franchise. On June 20, 1939, the Public Service Commission made and entered an order whereby a 25-year franchise was granted to the petitioners. The People of Puerto Rico appealed from the above order to the District Court of San Juan and moved for a writ of supersedeas.

On August 22, 1939, the petitioners moved for the dismissal of the appeal and of the writ of supersedeas on the following grounds:

"A. Because Act No. 70 of December 6, 1917, governing appeals from decisions of the Public Service Commission to the District Court of San Juan is not applicable to the instant case, and even if it were, said act would be unconstitutional and void in so far as its purpose is to grant appeals from orders or decisions granting or denying a franchise.

"B. Because in the case appealed from there is no appealable decision nor have the petitioners been granted any franchise or right or privilege whatever by any order from which the appellants might appeal.

"C. Because even assuming the right of appeal existed in the instant case, the issuance of a writ of supersedeas does not lie, because there was nothing for the district court to stay, inasmuch as the petitioners could not make use of any franchise until the same was signed by the Governor of Puerto Rico.

"D. Because said writ of supersedeas, if issued, would prejudice the rights of the petitioners and should not be issued without first furnishing bond."

The motion of the petitioners was denied on December 19, 1939, and on even date the lower court issued a writ of supersedeas staying the order and the decision rendered by the Public Service Commission "during the prosecution and decision of the appeals in the present cases, without the necessity of any bond on the ground that the appellant in such cases is the People of Puerto Rico."

On December 29, 1939, the petitioners filed in this court a certiorari petition in which they moved us to set aside the order made by the district court and to issue another in lieu thereof dismissing the appeal taken by the People. The grounds of the petition are the same as those advanced in the lower court and transcribed above.

The issues in the present case are as follows:

1st. Is the People of Puerto Rico, as a party opposing the granting of the franchise, entitled to appeal to the District Court of San Juan?

2nd. Was it error for the lower court to issue a supersedeas to stay the order granting the franchise, without the appellant furnishing bond?

 Section 78 of the Public. Service Act of Puerto Rico, approved on December 6, 1917, provides as follows:

"Section 78.—*Appeals to District Court—How Prosecuted.*— Within thirty days after the filing of *any finding or determination by the commission, or after the date of service of any order,* unless an application for a rehearing may be pending, and then within thirty days after the refusal of such application, or the entry of an order modifying, amending, rescinding, or affirming the original finding, determination or order, *any party to the proceedings affected thereby* may appeal therefrom to the . District Court of San Juan, Section 1; . . . (Italics ours.)

"Section 80.—*Supersedeas on Appeal.*—No appeal from any order of the commission shall in any case operate as a supersedeas of the order appealed from, unless the aforesaid proper court shall, by an interlocutory order, make said appeal as a supersedeas, upon the furnishing of the proper bond and after a hearing to that effect; . . ."

The language of the above statutory provisions is quite clear and of easy construction. Any finding, determination, or order made or entered by said commission in a proceeding pending before it is appealable to the District Court of San Juan, within thirty days after the filing of the decision or modification of the order.

Who may appeal? It is plainly stated in the statute: "Any party to the proceedings" that might be affected by

the order or decision of the Commission. The parties interested in the proceedings instituted by the trustees of Eastern Sugar Associates to obtain a franchise for the use of water supply are, on the one side the above petitioners, and on the other side the People of Puerto Rico as the adverse party and as the owner of the public waters the use of which is involved herein. Section 4 of the Law of Waters (Comp. 1911, sec. 2390).

The decision rendered by the Commission on June 20, 1939, is appealable because the same finally concluded, as far as the Commission is concerned, the controversy between the parties. It is not true, as alleged in the certiorari petition, that in the decision of the Commission "there was only stated the franchise sought should be granted to the petitioners." The decision or order appealed from goes further, because it is therein "decided and ordered to grant to petitioners a 25-year franchise," which franchise would surely have been granted and submitted to the approval of the Governor if no appeal had been taken and a supersedeas decreed. The People of Puerto Rico was not bound, as claimed by petitioners, to wait until the franchise had been submitted to the Governor for approval. The statute specifies a term within which to appeal which begins to run from the filing or service of notice of the decision or order of the Commission and not from the time of the approval of the franchise by the Governor.

The lengthy and able arguments of petitioners in support of the alleged unconstitutionality of the Public Service Act, in so far as the same grants the right of appeal from a decision granting a franchise, are without merits. The Legislature of Puerto Rico has wide powers to establish the procedure to be followed to obtain a franchise and to grant to any party, that might be injured by the granting thereof and who in due course sets up an opposition, an opportunity to appeal to a court of justice to review the proceedings had before the Commission. Any statute depriving a party

injured by the granting of a franchise of his right to resort to the courts of justice would be unconstitutional as it would amount to deprive such party of his property without due process of law. By approving section 78 of the Public Service Act, *supra,* the Legislature only recognized such constitutional right to resort to the courts of justice and prescribed the procedure to be followed for the due process of law in the premises. *Ex parte Young,* 209 U.S. 123, 147; *Missouri Pacific Ry. Co.* v. *Tucker,* 230 U.S. 340, 347; *Ohio Valley Water Co.* v. *Ben Avon Borough,* 253 U.S. 287, 64 L.Ed. 908, 914; *People of Puerto Rico* v. *Shell Co.,* 302 U.S. 253; *People of Puerto Rico* v. *Rubert Hermanos, Inc.,* 309 U.S. 543; *Commission* v. *Havemeyer,* 296 U.S. 506; and *South Porto Rico Sugar Co.* v. *Muñoz,* 28 F. (2d) 820.

As The People of Puerto Rico is the adverse party and the appellant, it was not ·error for the lower court to decree the supersedeas without the furnishing of bond. Section 356 of the Code of Civil Procedure (1933 ed.) provides that in any proceeding wherein the People of Puerto Rico is a party plaintiff or defendant no bond or security may be required to be furnished by the People.

For the foregoing reasons, the writ issued shall be quashed and the case remanded to the court where the same originated for the hearing and determination of the appeal pending therein.