SOUTHERN CONTINENTAL TELEPHONE COMPANY, etc. *v*. THE RAILROAD AND PUBLIC UTILITIES COMMISSION of the State of Tennessee *et al.*

(*Nashville,* December Term, 1954.)

Opinion filed December 9, 1955.

JARED MADDUX and CAMERON & MADDUX, all of Cookeville, and LON P. MACFARLAND, of Columbia, for Southern Continental Tel. Co.

ALFRED T. MACFARLAND and HAROLD SELIGMAN, both of Nashville, for Tennessee Public Service Commission.

Mr. Justice Tomlinson delivered the opinion of the Court.

The Telephone Company has filed a strong and well presented petition to rehear. The Railroad and Public Utilities Commission has made no reply.

This Court's opinion asserted that in the Commission's Exhibit B is a statement that the rate of return which it proposed "is in excess of that of like utilities in surrounding territories". The petition to rehear is correct in its statement that this assertion is erroneous. What Exhibit B did say is that it would require a thirty-nine (39%) percent overall increase in the rates charged the users of the Company's system if the net increase in annual revenue sought by the Company is allowed, and that this would be "higher generally than the rates of the surrounding territories," meaning the rates to be charged the subscribers.

This Court's opinion noted the fact that the Commission's Exhibit B recited a total rate increase of thirty-six (36%) percent allowed this Company from September 1950 to the time of the present application. The petition to rehear says that there is no evidence in the record to support this statement of the Commission. Probably

counsel overlooked the record, pages 42-A-44, 67, 73, 81, affirmatively showing increases of twenty-nine (29%) percent during this period, and, by inference, additional unspecified increases.

Determinative of the case heretofore was this Court's holding that the findings and conclusions of the Commission stated in its Exhibit B ''cannot properly be disturbed by the Court'' because those findings and conclusions are supported by material evidence. This holding is assigned as error by the petition to rehear, the reason being stated in the petition as follows:

''Where a public utility is contesting in Court an order of a Commission and the constitutional question of confiscation is involved, it is entitled to the independent judgment of the Court both on the law and the facts to the end that the Constitution may be maintained as the supreme law of the land.''

It cites as authority for this insistence the decision of the United States Supreme Court in *Ohio Valley Water Co.* v. *Ben Avon Borough*, 253 U. S. 287, 40 S. Ct. 527, 64 L. Ed. 908, 909.

The case just mentioned does so hold. While there is some intimation in the text of 42 American Jurisprudence, pages 659, 660, as we construe this text, that the Court which rendered that decision has thereafter sometimes elected not to follow it, we find no decision of that Court overruling it. The question in the case is one of alleged confiscation within the meaning of the due process clause of the 14th Amendment to the Federal Constitution. We are, therefore, bound by this decision of our Federal Supreme Court. It thus follows that the holding which controlled our disposition of the appeal was erroneous.

This plight of the case creates the question of whether this Court should proceed to form its independent judgment on the law and facts, or should remand to the Chancery Court for that purpose.

The Chancellor's decrees in the case, as we interpret them, seem to indicate that the Chancellor felt compelled to accept the opinion of one or the other of the three expert witnesses who testified as to the amount of annual increase which each thought necessary to prevent confiscation. We are particularly of this persuasion because of the Chancellor's final decree subsequent to the filing of the Commission's Exhibit B. That statement is as follows:

"The Court, instead of taking the proof offered on behalf of the complainant as a basis for its decree, took the evidence presented by the defendant Commission's witness and rate expert, Mr. Stanley White, which was the lowest figure offered by any witness, as being necessary as a rate base in order to enable the company to earn a reasonable return on its property used and useful in Tennessee."

If this is the correct interpretation of the Chancellor's decree, it follows that the case should be remanded because the Chancellor did not form an independent judgment on the evidence evaluated in accordance with the rule mentioned in our heretofore announced opinion. He probably overlooked the holding in the Hoover Motor Company case, *Hoover Motor Exp. Co.* v. *Railroad & Public Utilities Comm.*, 195 Tenn. 593, 607, 261 S. W. (2d) 233, and the Fowler case, *Louisville & Nashville R. Co.* v. *Fowler*, 197 Tenn. 266, 274, 271 S. W. (2d) 188, 192.

If it be assumed that the Chancellor did exercise an independent judgment, he did so without giving any consideration to the Commission's Exhibit B. That Ex-

hibit was (as we view it) erroneously stricken from the record.

The United States Supreme Court case of *St. Joseph Stockyards Co. v. United States,* 298 U. S. 38, 56 S. Ct. 720, 726, 80 L. Ed. 1033, 1042, in giving recognition to the validity of the hereinbefore stated rule in the Ben Avon Borough case supra, said this:

"But this judicial duty to exercise an independent judgment does not require or justify disregard of the weight which may properly attach to findings upon hearing and evidence. On the contrary, the judicial duty is performed in the light of the proceedings already had and may be greatly facilitated by the assembling and analysis of the facts in the course of the legislative determination. Judicial judgment may be none the less appropriately independent because informed and aided by the sifting procedure of an expert legislative agency. Moreover, as the question is whether the legislative action has passed beyond the lowest limit of the permitted zone of reasonableness into the forbidden reaches of confiscation, judicial scrutiny must of necessity take into account the entire legislative process, including the reasoning and findings upon which the legislative action rests. We have said that 'in a question of rate-making there is a strong presumption in favor of the conclusions reached by an experienced administrative body after a full hearing.' (Citing cases.) The established principle which guides the court in the exercise of its judgment on the entire case is that the complaining party carries the burden of making a convincing showing and that the court will not interfere with the exercise of the rate-making power unless confiscation is clearly established."

In that case the Court then said that "we do not think it necessary to remand the case for further consideration", because the District Court did consider the findings of the Secretary. The necessary implication is that, had the District Court failed to do this, a remand would have been required.

 This decision of the United States Supreme Court is likewise conclusive here. Hence, since the Chancellor gave no consideration to the Commission's Exhibit B, it is necessary, in any view of the matter, to remand the case for further consideration by the Chancellor to the end that findings and conclusions in accordance with the independent judgment of the Chancellor guided by the rules herein stated shall be decreed.

The petition to rehear will be granted. The opinion of this Court heretofore rendered will be modified to the extent hereinstated. The decree of the Chancellor will be reversed. The cause will be remanded for further proceedings in Chancery in accordance herewith.

Considering the case as a whole, it seems proper to direct that the costs of this appeal be paid by the Commission out of any funds available to it for that purpose.