Marshall, C. J.
 

 All of the above-entitled causes are similar in their facts and involve identical legal questions, and we will therefore discuss only cause No. 20480.
 

 This cause originated in the court of common pleas of Cuyahoga county, Ohio. It was a case appealed to the court of common pleas of Cuyahoga county, Ohio, from the tax commission of Ohio. It involves a complaint by a taxpayer of
 
 *347
 
 Cuyahoga county as to the valuation, for purposes of taxation, of a certain parcel of real estate. After the county auditor had made a valuation, a complaint was transmitted to the board of revision, which board neither increased nor diminished the valuation fixed by the auditor, and thereupon an appeal was taken to the tax commission, where the appeal was entertained and evidence taken, and the real value in money of the parcel was found to be less than the auditor’s appraisal. Thereupon error was prosecuted from the order of the tax commission by the prosecuting attorney of Cuyahoga county to the court of common pleas of that county. The petition in error asserts that the tax commission has no jurisdiction to entertain the appeal of a taxpayer where the board of revision has not increased the valuation, and, further, that the determination by the tax commission of the value of the property was not the true value in money.
 

 All papers before the tax commission, including a transcript of the evidence adduced before the commission, having been filed in the. court of common pleas, as required by Section 5611-2, General Code, the taxpayer filed a motion for judgment upon the record filed, praying that the court confirm the findings of the tax commission, for the reason that the record discloses that the tax commission did not proceed in an unlawful manner, and that its determination involves only a question of valuation of property and no question of law. The court, having heard this motion, sustained the same; the entry reading as follows:
 

 “This cause came on to be heard upon the motion
 
 *348
 
 for judgment on behalf of the defendant in error, the Frankel Bros. Realty Company, a corporation, and upon consideration thereof, together with argument of counsel, the motion is hereby granted, and the judgment and findings of the tax commission of Ohio in said cause are hereby affirmed, to which ruling of the court the plaintiff in error excepts.”
 

 The Court of Appeals affirmed that judgment.
 

 The first assignment of error relates to the jurisdiction of the tax commission to entertain an appeal from the board of revision where the board of revision did not increase the valuation. This involves an interpretation of Section 5610, General Code (108 Ohio Laws, pt. I, p. 560), the pertinent portion of which is as follows:
 

 “An appeal from the decision of a county board of revision may be taken to the tax commission of Ohio, within thirty days after the decision of such board, by the county auditor
 
 of
 
 any complainant, or any person the valuation of whose property is increased by the county board of revision.”
 

 It is claimed by the prosecuting attorney that only the auditor can appeal to the tax commission where the property is not increased by the board of revision. It is claimed on the other hand by the taxpayer that the word “of” is a patent clerical or typographical error, and should read “or,” thereby giving to “any complainant” the right to appeal.
 

 It is obvious that the use of the word “of” makes the statute obscure and clouded in meaning, and that there is no such person or official as “the county auditor of any complainant.” If the word
 
 *349
 
 “or” is employed, the statute is perfectly clear and free from difficulty.
 

 The history of this section' throws some light upon the subject. In 103 Ohio Laws, 794, an enactment relating to the same subject-matter, Section 31 of the enactment reads as follows:
 

 “An appeal from the decision of a district board of complaints may be taken to the tax commission of Ohio * * * by the district assessor, or by any complainant, as provided in section twenty-four of this act.”
 

 In 106 Ohio Laws, 260, Section 53 of that enactment reads in part as follows:
 

 “An appeal from the decision of a county board of revision may be taken to the tax commission of Ohio, within thirty days after the decision of such board, by the county auditor or any complainant, or any person the valuation of whose property is increased by the county board of revision.”
 

 A later enactment in 107 Ohio Laws, p. 44, made no change in the language above quoted. The last amendment, enacted in 1919, appearing in 108 Ohio Laws, pt. I, pp. 557, 560, used the word “of” in the place of “or.” The amendment made in 1919 related only to matters of venue and procedure, and there is nothing in that amendment to indicate any intention to limit or modify the right to appeal.
 

 It is a general rule of interpretation of statutes that the intention of the Legislature must be determined from the language employed, and, where the meaning is clear, the courts have no right to insert words not used, or to omit words used, in order to arrive at a supposed legislative intent, or where it is possible to carry the provisions of the
 
 *350
 
 statute into effect according to its letter. In this particular instance it is quite clear from the history of the legislation that there was an erroneous use of the word “of” when “or” was the word which was clearly intended. It is impossible to execute the statute according to its strict letter, because the use of the word “of” renders it obscure and meaningless. It is a well-settled rule that courts will not permit a statute to be defeated on account of a mistake or error, where the intention of the Legislature can be collected from the whole statute, or where one word has been erroneously used for another, and where the context affords means of correction. The strict letter of a statute must yield to the obvious intent. The use of the word “of” results in giving the county auditor a right to appeal, at the same time denying one who complains of the action of the auditor an equal right of appeal. To thus interpret the statute would cast a grave doubt upon its validity. It would operate as a clear denial of the equal protection of the laws.
 

 Fortunately, this is not a matter of first impressions. This court, in the case of
 
 Phoenix Ins. Co.
 
 v.
 
 Port Clinton Fish Co.,
 
 61 Ohio St., 643, 57 N. E., 1134, affirmed without report a case which had been decided by the circuit court of Ottawa county, reported in 14 C. C., 160, 7 C. D., 468. In that case an insurance statute (Section 3643, Be-vised Statutes) was under interpretation; the statute reading as follows:
 

 “Each policy shall contribute to the payment of the whole or the partial loss in proportion to the amount of insurance mentioned in each policy.”
 

 
 *351
 
 It was found that the original act, enacted March 5, 1879 (76 Ohio Laws, p. 26, Section 1), read:
 

 “Bach policy shall contribute to the payment of the whole of the partial loss in. proportion to the amount of insurance mentioned in each policy.” The original act being clear in meaning, and the later act being obscure, and it being clear that no change was intended, the court construed the later enactment as though the word “of” had been employed. The same statute was under interpretation in
 
 German American Ins. Co.
 
 v.
 
 McBee,
 
 85 Ohio St., 161, 97 N. E., 378. This court in that case reached the same conclusion, though without reference to the earlier decision. Another authority is found outside of the state of Ohio. In the case of
 
 Kitchen
 
 v.
 
 Southern Ry.,
 
 68 S. C., 554, 48 S. E., 4, 1 Ann. Cas., 747, the court had under interpretation a statute which read in part as follows;
 

 “Every such action [for wrongful death] shall be * * * for the benefit of the heirs at law
 
 of
 
 [the] distributees.”
 

 The word “of” was by interpretation changed to “or.” We therefore without hesitation hold that “any complainant,” even though the valuation has not been increased by the board of revision, has a right to appeal from an order of the board of revision to the tax commission of Ohio.
 

 The second assignment of error is the alleged “refusal, by the court of common pleas, to hear the case on the ground that there was no claim that the tax commission unlawfully arrived at its decision.”' It is claimed that the court of common pleas was misled by certain language in an opinion of this court in
 
 Stanton, Pros. Atty.,
 
 v.
 
 Tax Com
 
 
 *352
 

 mission,
 
 114 Ohio St., 658, 151 N. E., 760, and especially that portion thereof appearing at pages 682 and 683 (151 N. E., 768). It is there stated that a court, in disposing of an error proceeding prosecuted from an order of a commission, should not substitute its judgment for that of the commission, and that the commission’s finding should not be disturbed where there is no abuse of discretion and where there is no element of fraud or mistake or of arbitrary and oppressive conduct on the part of the commission. In support of that statement in the opinion a number of former decisions of this court were cited. It is claimed that, because of that language, the court of common pleas was persuaded not to give any consideration to the evidence adduced before the commission. The record does not disclose what was in the mind of the court of common pleas, but the court certainly could not reasonably be misled by the case of
 
 Stanton
 
 v.
 
 Tax Commission, supra,
 
 because the same opinion, at pages 674, 675, and 676 (151 N. E., 760) enters at length into a discussion of the necessity for a judicial review. Numerous cases of the United States Supreme Court were cited, which hold that matters judicial in their nature can be heard by an administrative board, provided an appeal can be taken to some court for a judicial determination of the issues. Two United States Supreme Court cases were there cited and commented upon, where the state courts had been reversed because it did not appear that there had been a judicial review by the state courts of orders of administrative boards, and that therefore the requirements of due process had been violated. In
 
 *353
 
 the case of
 
 Ohio Valley Water Co.
 
 v.
 
 Ben Avon Borough,
 
 253 U. S., 287, 40 S. Ct., 527, 64 L. Ed., 908, it was held that:
 

 “In all such cases, if the owner claims confiscation of his property will result, the state must provide a fair opportunity for submitting that issue to a judicial tribunal for determination upon its own independent judgment as to both law and facts; otherwise the order is void because in conflict with the due process clause, Fourteenth Amendment. ’ ’
 

 In
 
 Ohio Utilities Co.
 
 v.
 
 Public Utilities Commission,
 
 267 U. S., 359, 45 S. Ct., 259, 69 L. Ed., 656, in reversing a decision of this court, it was stated in the opinion:
 

 “From the foregoing, it is evident that the State Supreme Court did not accord to the plaintiff in error that sort of
 
 judicial inquiry
 
 to which under the decisions of this court it was entitled.”
 

 All these matters being fully discussed in the opinion of
 
 Stanton
 
 v.
 
 Tax Commission, supra,
 
 it is inconceivable that the court could have been misled. The final entry in the court of common pleas recites: “The judgment and findings of the tax commission of Ohio in said cause are hereby affirmed.” The record is entirely silent as to any request of the prosecuting attorney to introduce additional evidence in the court of common pleas. If additional evidence had been tendered by the prosecuting attorney and the court had refused to admit it, or if it appeared affirmatively in the record that the court of common pleas did not give a judicial review to the record from the tax commission, or that it did not exercise an independ
 
 *354
 
 ent judgment thereon, there would have to be a reversal in order that the requirements of due process be observed. No bill of exceptions was perfected in the court of common pleas, and there is nothing before this court at this time except the pleadings and a transcript of the docket and journal entries. These entries indicate that the court gave consideration to the entire record, and, since the journal entry of that court shows no tender of additional evidence, it will have to be assumed that no such tender was made. While it was the duty of the court of common pleas to judicially review the entire record from the commission, it would not in any event be obligatory upon this court to do so, even if the bill of exceptions had been allowed, because, the parties having had one judicial review, there would be no obligation upon this court to again examine the evidence, to determine its weight.
 

 There is another reason why there would be no occasion for the court of common pleas being misled. The statute is very clear as to the duty of the court. Section 5611-2 requires that the tax commission shall, upon written demand of the persons filing a petition in error in the court of common pleas, deliver to such person a certified transcript of the final order of the commission, and the evidence in the proceedings upon which such order is based. That section further provides:
 

 “And the court may call witnesses and consider other evidence in addition to such transcript in the hearing of such petition in error.”
 

 It further provides:
 

 “No determination of the tax commission as to
 
 *355
 
 the value of property for taxation shall be reversed, vacated, or modified unless it is shown by clear and convincing evidence that the value of the property, as determined by the tax commission, is not the true value in money of such property.”
 

 It is urged in this case that it was discretionary on the part of the court of common pleas whether it would call witnesses and consider other evidence. With this argument we cannot agree. It is a settled rule of law that the word “may” will be construed as “shall” in a certain class of cases. In
 
 Lessee of Swazey’s Heirs
 
 v.
 
 Blackman,
 
 8 Ohio, 5, it was held, at page 18:
 

 “ ‘May’ means ‘must,’ in all those cases where the public are interested, or where a matter of public policy, and not merely of private right, is involved.”
 

 In
 
 Columbus, Springfield & Cincinnati Rd. Co.
 
 v.
 
 Mowatt,
 
 35 Ohio St., 284, it was declared:
 

 “Where authority is conferred to perform an act which the public interest demands,
 
 may
 
 is generally regarded as imperative. Whether it is to be so read in another case depends upon a fair construction of the statute.”
 

 The rule thus stated in the former decisions of this court should be declared
 
 a fortiori
 
 when interpreting a statute providing an appeal from an administrative board to a court of justice.
 

 The rule many times declared by this court in; former cases, that the court should not substitute1 its judgment for that of the commission, while frequently applied to error proceedings in this court from the Public Utilities Commission, should, give no difficulty whatever in interpreting Section 5611-
 
 *356
 

 '2,
 
 because it is there provided that the determination of the tax commission as to the value of property for taxation shall not be reversed unless it is shown by clear and convincing evidence that the value of the property as determined by the commission is not its true value in money. It was of ..course the duty of the prosecuting attorney to introduce before the commission all evidence having any bearing upon the true value of the property, and he would be remiss in his duty in withholding any evidence having probative force in order to introduce it for the first time before the common pleas court. It will certainly not be presumed in this case that he did so. Finding no error in the judgment of the court of common pleas, the judgment of the Court of Appeals affirming the same will be affirmed by this court.
 

 Judgment affirmed.
 

 Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.