### STATE ex BELT v MASON

Ohio Appeals, 5th Dist, Perry Co

Decided June 23, 1933

T. M. Potter, New Lexington, and D. F. Trew, Shawnee, for relator.

Dwight Cusick, Prosecuting Attorney, New Lexington, and U. S. McGonable, New Lexington, for respondent.

### OPINION

By SHERICK, PJ.

Counsel recognize that if it is determined that the duty prescribed by the statute is discretionary, the writ should not issue. This being the chief question made, and dispositive of the entire controversy, it becomes unnecessary for this court to consider the other issues presented.

The relator points out that §5704, GC, was reenacted on June 24, 1931, 114 Ohio

Laws, 831, and that in fact the Legislature then rewrote the entire section of the Code pertaining to delinquent taxes. And much is made of the fact that in §5704 GC appear for the first time the words "such publication shall be considered to be for the information of the public," from which it is argued that it was the plain intent of the Legislature to fasten upon the auditor a mandatory public duty, and that the dissemination of this published information is thereby made a matter of public policy in the handling of tax collections on delinquent lands. It is further insisted that it is an inflexible rule of statutory construction that a change in the phraseology of a statute is indicative of a legislative intent to vary its subsequent effect. We are unable to follow the relator's reasoning.

Under prior statutes dealing with tax sales of delinquent lands, which is no longer the method of their collection, it was imperative that such lists be published, for such publication constituted the only notice of any such sale. The statute now contemplates a foreclosure proceeding of which due notice is given to the taxpayer.

The thought presents itself: Is the relator right in his conclusion that publication is now for the first time required for the information of the public? We do not think so. It was without doubt an unexpressed legislative purpose in the past to shame a delinquent taxpayer into paying his taxes by the means of having his neighbor see his name in print as a delinquent. It is therefore our conclusion that the newly injected phrase is but a visual expression of a previously considered indelicate reason and intent better not stated. We perceive situations that could arise when publication might defeat concerted action to impair the collection of an unpopular but just tax. In such case the means would justify the end, and the legislative intent be served as intended. On the other hand, we recognize that the Legislature did not intend to be inhuman and cruel. It recognized that such economic conditions as now confront the taxpayers of Perry County, that is, a present inability to pay, might arise. It has repeatedly indicated a general public policy to lighten the burdens of taxation and to reduce all useless expenditures. To contemplate a legislative intent of publication of delinquent tax lists, for the purpose of satisfying the morbid curiosity of such members of the public so inclined, with information always otherwise obtainable at the auditor's office, or for the purpose of gain to a printer and publisher, would be to impute to the Legislature that which was never intended.

The present statute, as do the earlier enactments, employs the words the county auditor "shall" cause a list of delinquent taxes to be published. In **Miller, Pros. Atty. v Lakewood Housing Co., 125 Oh St, 152,** 180 NE, 700, which interprets the words of §5704 GC (108 Ohio Laws, pt. 2, 1243), predecessor of the section as it now stands, it is determined that the word "shall" is not mandatory, but only directory.

It is held in **Stanton, Pros. Atty. v Realty Co., 117 Oh St, 345, 350, 158 NE, 868,** that: "The strict letter of a statute must yield to the obvious intent."

Reverting to the Miller case, supra, at page 161 it is said: "Whether a statutory requirement is mandatory or directory depends on its effect. If no substantial rights depend on it and no injury can result from ignoring it, and the purpose of the Legislature can be accomplished in a manner other than that prescribed and substantially the same results obtained, then the statute will generally be regarded as directory; but, if not, it will be mandatory."

We see in the auditor's omission to publish the delinquent tax list no substantial right impaired, and no injury resulting to the relator or the public from ignoring it. The collection of delinquent taxes is not dependent thereon. Their collection can be otherwise accomplished by foreclosure. What is said in the Miller case, supra, from page 161 to its completion, might here profitably be quoted in full. It applies with equal force to the present act.

We note another new provision appearing in the new act. §5704b, GC (114 Ohio Laws, 842, §4), provides: "Any failure or omission by the county auditor to make publication heretofore under §5704 GC, shall not invalidate the right to collect by suit or otherwise delinquent taxes, assessments, penalties, interest and costs for past years nor invalidate said right to collect as to pending actions."

By this section it seems to us that the Legislature recognized that the auditor might omit publication of a delinquent tax list. At least, publication is not necessary to accomplish the purpose of §5704, GC.

It is our judgment that the publication of delinquent tax lists under the present

act is not mandatory, and the issuance of the writ is denied.

Writ denied.

LEMERT and MONTGOMERY, JJ, concur.