TAX COMMISSION OF OHIO ET AL. *v.* SURFACE COMBUSTION CORP.

(Decided February 10, 1936.)

*Mr. John W. Bricker,* attorney general, *Mr. William J. Ford* and *Mr. Paul Alexander,* for plaintiffs in error.

*Messrs. Williams, Eversman & Morgan,* for defendant in error.

LLOYD, J. By their petition in error plaintiffs in error seek to reverse a judgment of the Court of Common Pleas modifying a finding and order of the Tax Commission of Ohio determining the value for taxation purposes of certain engines, machinery, tools, implements, equipment, furniture and fixtures of the defendant in error located and used in its business in the counties of Lucas, Franklin and Cuyahoga. The valuation here involved is that of the personal property located in Lucas and Franklin counties included in the return of the defendant in error for taxation for the year ending December 31, 1932. The return was based on the depreciated book value of the property of $152,500 for Lucas county, $25,500 for Franklin county and $210 for Cuyahoga county, totalling $178,210.

The defendant in error, claiming that the true value in money of its personal property so returned was less than the book value thereof, as set forth in its return, made a claim for deduction of $74,185 on its property other than furniture and fixtures, and of $19,660 on its furniture and fixtures, making a total claim for deduction of $93,845, leaving a true claimed value of all of the property in question of $84,385. On the basis of an appraisal made by an appraiser of the Tax Commission, verified by another of its appraisers, the commission issued an assessment certificate fixing the true value of the property in question in the total amount of $203,656, a sum greater than the book value thereof, from which the defendant in error was claim-

ing a deduction. On appeal by the defendant in error as to the assessed value of its property located in Lucas and Franklin counties, the Tax Commission sustained the assessment value so certified. A petition in error having been filed in the Court of Common Pleas by the defendant in error, a hearing was had on the evidence presented to the Tax Commission and additional evidence produced at the hearing, at the conclusion of which that court modified the assessment value of the property as determined by the Tax Commission, and found the true value in money thereof to be:

Toledo School District, Adams township, Lucas county, Ohio, machinery, equipment, tools and implements, $54,577; office furniture and fixtures, $16,759.

Columbus, Franklin county, Ohio, machinery, equipment, tools and implements, $11,228; office furniture and fixtures, $1,679.

All of the witnesses called were admittedly qualified to testify as to the value of this property and the differences in the appraisal values result largely from the rule of measurement adopted in making the appraisal. The appraisal upon which the order of the Tax Commission was based was the "replacement cost *new,* less depreciation," whereas the finding of the Court of Common Pleas was based on the value of the property in its then condition as used or second-hand property and its market or selling value as such.

Section 5388, General Code, provides the rules for listing and assessing personal property of the kind here involved. Section 5389, General Code, provides that:

"* * * In the case of personal property used in business, the book value thereof, if any, less book depreciation * * * shall be listed and such depreciated book value shall be taken to be the true value of such property, unless the assessor shall find that

such depreciated book value is greater or less than the then true value of such property in money."

This section also provides that:

"As used in Section 5388 of the General Code and elsewhere in this chapter, the 'true value in money' of any property means the usual selling price thereof at the time or times and place as of which it is required to be listed; but if there is no usual selling price known to the person whose duty it is to fix a value thereon, then, such price as is believed could be obtained therefor in money, at such time or times and place."

In view of this statutory definition of the "true value in money" there would seem to be no ground for dispute as to the rule which should have been followed in making the appraisal of the property in question.

Our conclusion is that the Court of Common Pleas applied the correct rule and that the evidence amply justified the findings and order made by it.

It is contended in the brief of counsel for plaintiffs in error that if it should be found that the Tax Commission had not followed the correct method in arriving at the, valuation for taxation of the property in question, the proceedings should be remanded thereto for reconsideration and redetermination. Being of the opinion, however, that the Court of Common Pleas is empowered by Section 5611-2, General Code, as construed by the Supreme Court in Stanton, Pros. Atty., v. Frankel Brothers Realty Co., 117 Ohio St., 345, 158 N. E., 868, to proceed de novo, this court concludes that its findings and order should be and accordingly are affirmed.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.