Williams, J.
 

 The appellant, The Standard Oil Company of Ohio, sought to have the Board of Revision of Cuyahoga county and the Tax Commission of Ohio declare a part of its two refinery plants located in Cuyahoga county to be personal property, as. a step in the determination of the valuation of the plants as real estate for the purpose of taxation. The appellant company was impelled to this course because under the Intangible Tax Act (Section 5320
 
 et seq.,
 
 General Code, 114 Ohio Laws, 714) tangible personal property is classified and different rates prescribed for different classifications, whereas real estate is taxed by uniform rule according to its true value in money under Article
 
 *36
 
 XII, Section 2 of the Constitution of Ohio. The appellant asserts that on the personal property improperly valued as real estate it would he required to pay a perT sonal property tax of 50% on one part and 70% on another.
 

 The contentions of the appellees are summarized in their brief thus:
 

 (1) “The right of the Common Pleas Court to review an order of the Tax Commission of Ohio is purely statutory and a proceeding to review such an order cannot be maintained unless it comes within the statute. ’ ’
 

 (2) “The statutes in Ohio do not confer upon the Common Pleas Court the right to review in an error or appeal proceeding an order of the Tax Commission of Ohio pertaining to the classification of property as realty or as personalty.”
 

 (3) “Proper remedy of the taxpayer may be injunction or mandamus.”
 

 The first contention to the effect that the power of the Common Pleas Court to review is statutory is sound. We shall therefore take up the second contention.
 

 Under Section 5611-2, General Code, as it existed when the petition in error was filed in the Court of Common Pleas, the proceeding for review, provided for therein, was an error proceeding; yet under the provisions thereof, the court had full power to call witnesses, consider evidence in addition to the transcript of the Tax Commission, and upon the review of the entire record exercise an “independent judgment upon all the issues both of law and fact determined by the Tax Commission.”
 
 Floyd, County Auditor,
 
 v.
 
 Manufacturers Light & Heat Co.,
 
 111 Ohio St., 57, 144 N. E., 703;
 
 Stanton, Pros. Atty.,
 
 v.
 
 Tax Commission,
 
 114 Ohio St., 658, 669, 150 N. E., 36;
 
 Stanton, Pros.
 
 
 *37
 

 Atty.,
 
 v.
 
 Frankel Bros. Realty Co.,
 
 117 Ohio St., 345, 158 N. E., 868.
 

 "What, then, was the then power of the commission? It is essential to a full understanding to have in mind the background of tax revision.
 

 Under Section 5597, General Code, it was the duty of the board of revision to hear complaints relating to the valuation or assessment of real property and power is given to that board to investigate complaints and increase or decrease such valuation or correct any assessment. Section 5609, General Code, provides that the taxpayer may file a complaint as to the valuation or assessment of his own or another’s real property and that the county auditor shall lay all complaints filed with him before the county board of revision. Under the provisions of this section each complaint shall state- the amount of overvaluation, undervaluation, or illegal valuation.
 

 Section 5610, General Code, as in force at the time the petition in error was filed, provided for taking an appeal from the decision of a county board of revision to the Tax Commission of Ohio.
 

 Section 5611, General Code, provides that on such appeal the Tax Commission “shall ascertain and determine the true value in money of the property complained of and certify its action to the county auditor. ’ ’
 

 In the instant case the complaint was directed not only to an alleged overvaluation of the real estate but also to the fact that there was included in such overvaluation property which should be classified as personalty. Consequently a just and legal valuation of real estate could not be made without the determination of questions of law and- fact with reference to classification. Therefore classification became a prerequisite to valuation and was a step or incident in the determination of the true value of the real estate in money.
 

 
 *38
 
 In discussing the power of the Tax Commission, this language was employed in
 
 Conn et al., Trustees,
 
 v.
 
 Jones, Treas.,
 
 115 Ohio St., 186, at page 197, 152 N. E., 897: “Obviously, the commission must determine the liability of property to taxation in order to perform its administrative functions. It must, in a preliminary way, decide what property is subject to taxation, and within what classes particular pieces of property fall.” In that case the court had under consideration a question relating to exempting property from taxation, but the language quoted is pertinent here. Under the prevailing system real estate is assessed at its true value, and tangible personal property is classified so that various classes bear different rates of taxation. Classification moreover becomes a basic element in the assessment of property. If the administrative boards were held in check by injunction until the courts could determine classification, the comprehensive machinery for tax valuation set up through established administrative boards with resort to the courts would be rendered inefficient and the results chaotic. Granting power of valuation to these boards impliedly carries with it the power to do what is necessary to arrive at a fair and legal determination. Authority to classify property is necessarily implied. The question of classification was properly before both the Board of Revision and the Tax Commission. Since it was before the commission, it later was before the Court of Common Pleas for review.
 

 The third contention is subordinate to the second. Appellees simply urge that, if the Court of Common Pleas has no jurisdiction to review an order of the commission, which relates to classification, it does not follow that the taxpayer has no remedy; he may (it is stated) proceed by way of injunction or by way of mandamus. As this court holds that the Common Pleas
 
 *39
 
 Court has such jurisdiction, the third contention is of no moment.
 

 The Court of Common Pleas committed prejudicial error in dismissing the petition in error of The Standard Oil Company for lack of jurisdiction and the Court of Appeals committed prejudicial error in affirming the judgment of dismissal. The judgments of the courts below are reversed and the cause is remanded to the Court of Common Pleas with direction to overrule the motion to dismiss for want of jurisdiction, and for further proceedings according to law.
 

 Judgment reversed.
 

 Matthias, Day, Zimmerman and Gorman, JJ., concur.
 

 Weygandt, C. J., and Myers, J., dissent.