Turner, J.
 

 Assuming, but not deciding, that relator is authorized to bring the instant action, we recognize thát relator is concerned in the matters pending before
 
 *509
 
 respondent by reason of the special assessment of 3/10 of a mili levied by relator on the assessed valuation of the property of its district. However, relator is not a party to any of the proceedings pending before respondent, which it seeks to prohibit. ■ None of the complainants before the respondent are parties to the instant proceeding.
 

 The petition also contains the allegation that respondent “will, unless prohibited by this Honorable Court, proceed to make a determination under said complaints requiring a determination of the question as to what property is subject to said special assessment under the terms and provisions of G. C. 6828-1, although without legal jurisdiction and authority in the premises, to the irreparable injury of relator, and for which it has no adequate remedy either at law or in equity, by way of appeal, or otherwise.”
 

 There is no allegation in the petition that respondent has taken any action under Section 6828-1, General Code, or any other statute. There is no allegation of irreparable injury to relator threatened. Therefore, the single question before us is whether- the respondent has jurisdiction.
 

 Section 5596, General Code, provides in part as follows:
 

 “The county board of revision shall in all respects be governed by the laws respecting the valuation of real property and shall make no change of any valuation except in accordance with such laws.”
 

 The petition contains no allegation either that the respondent has violated or threatens to violate the foregoing provision of Section 5596, General Code. All that is alleged is that respondent has assumed jurisdiction of the complaints.
 

 Section 5597, General Code, provides:
 

 “It shall be the duty of the board of revision to
 
 *510
 
 hear 'complaints relating to the valuation or assessment of real property as the same appears upon the tax duplicate of the then current year, and it shall investigate all such complaints and may increase or decrease any such valuation or correct any assessment complained of, or it may order a reassessment by the original assessing officer.”
 

 In the case of
 
 Standard Oil Co.
 
 v.
 
 Zangerle, County Aud.,
 
 133 Ohio St., 33, 11 N. E. (2d), 242, it was held: ( “Where a complaint filed under Section 5609, General Code (108 Ohio Laws, pt. 1, 560), sets forth that real estate has been overvalued or illegally valued because personal property has been improperly included in the valuation as real estate, the County Board of Revision, on hearing the complaint, and the Tax Commission of Ohio, on appeal, have power to classify the property in determining the true value of the real estate and may exclude from the valuation so much of the property as, under the law and the evidence, is found to be personal property.”
 

 Therefore, respondent’s demurrer to relator’s petition should be and hereby is sustained and relator not desiring to plead further, the writ is denied.
 

 Demurrer sustained and writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.