OPINION
{¶ 1} In these consolidated appeals, appellant, Darrel Delahoussaye, appeals from two judgments of the Franklin County Court of Common Pleas affirming an order of the appellee, The Ohio State Racing Commission ("commission"), that sanctioned appellant for his possession and use of an electric instrument on the grounds of a race track. For the following reasons, we affirm those judgments.
 {¶ 2} Appellant was a licensed horse owner and trainer in the state of Ohio. In 1998, the Beulah Park Board of Stewards issued two separate and unrelated rulings against appellant. In Ruling No. 42, the stewards determined that appellant possessed injectable drugs and an electrical instrument while on the grounds of Beulah Park Race Track in violation of Ohio Adm. Code 3769-8-07(A) and 3769-2-26(A)(10). In Ruling No. 52, the stewards determined that appellant used an electrical appliance for the purpose of stimulating or affecting the speed of the horse in violation of Ohio Adm. Code 3769-8-05[1] and 3769-2-26(A)(9) and (10).[2] In both rulings, the stewards fined appellant $1,000 and suspended him for one year. Appellant appealed both of these rulings to the commission.
 {¶ 3} After separate hearings, the commission's hearing officer issued a report and recommendation for each ruling. As to Ruling No. 42, the hearing officer determined that appellant possessed on the grounds of Beulah Park Race Track an electrical instrument — a wooden stick with a stripped electrical cord stuck to it — which may be used to affect the speed of a horse, in violation of Ohio Adm. Code 3769-8-07(A) and3769-2-26(A)(10). The hearing officer did not find that appellant was in possession of any injectable drugs. The hearing officer recommended the commission fine appellant $500 and suspend his license for 120 days. As to Ruling No. 52, the hearing officer determined that appellant used the electrical appliance for the purpose of stimulating or affecting the speed of the horse in violation of Ohio Adm. Code 3769-8-05 and3769-2-26(A)(9) and (10). The hearing officer recommended the commission fine appellant $1,000 and suspend his license for a year, consecutive to the suspension recommended in Ruling No. 42.
 {¶ 4} Appellant filed objections to each report and recommendation. After the commission considered appellant's objections, it adopted both of the hearing officer's findings of fact and conclusions of law but modified the hearing officer's recommended sanctions. As to Ruling No. 42, the commission fined appellant $500 and suspended his license for 120 days concurrent to the penalty in Ruling No. 52. As to Ruling No. 52, the commission fined appellant $1,000 and made him ineligible for an Ohio license for one year. The commission also placed appellant on a "stop list" and would not allow his new license to be issued until he appeared before the commission.
 {¶ 5} Appellant appealed the commission's decision to the Franklin County Court of Common Pleas. After a puzzling procedural voyage, that court affirmed the commission's order. This court reversed that decision and remanded the matter to the trial court for further proceedings.Delahoussaye v. Ohio State Racing Comm. (Mar. 29, 2002), Franklin App. No. 01AP-955. After the parties fully briefed the matter, the trial court again affirmed the commission's order, finding that the order was supported by reliable, probative and substantial evidence and was in accordance with law.
 {¶ 6} Appellant appeals, assigning the following errors:
I. The Order of the Ohio State Racing Commission penalizing Darrell Delahoussaye for possession of an electric prod in violation of Ohio Administrative Code 3769-8-07 was not supported by reliable, probative and substantial evidence and was not in accordance with law.
II. The Order of the Ohio State Racing Commission penalizing Darrell Delahoussaye for violating Ohio Administrative Code 3769-8-05 was not supported by reliable, probative and substantial evidence and was not in accordance with law.
 {¶ 7} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law.Huffman v. Hair Surgeon, Inc. (1984), 19 Ohio St.3d 83, 87; Belcher v.Ohio State Racing Comm., Franklin App. No. 02AP-998, 2003-Ohio-2187, at ¶ 10. Reliable, probative and substantial evidence has been defined as follows:
"* * * (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value."
Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571.
 {¶ 8} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village SchoolDist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. StateEmp. Relations Bd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 9} In his first assignment of error, appellant does not contest the commission's finding in Ruling No. 42 that he possessed an electrical instrument, i.e., a stripped electrical cord attached to a wooden stick. Rather, appellant asserts that his possession of that electrical instrument did not violate the plain language of Ohio Adm. Code 3769-8-07.
 {¶ 10} Ohio Adm. Code 3769-8-07(A) states, in pertinent part:
No person shall have in his/her possession on the premises of a permit holder any nasogastric tube, drugs, chemicals which may be used as stimulants, hypodermic syringes or hypodermic needles or any other instrument which may be used for injection, or batteries of any otherelectrical or mechanical instrument which may be used to affect the speed or actions of a horse. * * * (Emphasis Added.)
 {¶ 11} Appellant contends the plain language of this rule only prohibits the possession of batteries of any electrical or mechanical instrument. The commission contends the above provision contains a typographical error, and that the word "of," which follows the word "batteries," should read as "or." Therefore, the rule prohibits the possession of "batteries [or] any other electrical or mechanical instrument which may be used to affect the speed or actions of a horse." A reviewing court will generally defer to an administrative agency's interpretation of its own rules so long as that interpretation is reasonable. Parker v. Ohio State Racing Comm. (1998), 128 Ohio App.3d 575,582; Warren v. Warren Mun. Civ. Serv. Comm., 150 Ohio App.3d 719,2002-Ohio-6928, at ¶ 26. We are persuaded that the commission's interpretation of the rule is reasonable and that the rule contains a typographical error.
 {¶ 12} A court's primary duty in interpreting a rule is to give effect to the intent of that rule. Cf. State v. S.R. (1992), 63 Ohio St.3d 590,594-595. The strict letter of a statute or rule must yield to the obvious intent. Cf. State v. Reineke (1986), 27 Ohio App.3d 382, 383, quotingStanton v. Frankel Bros. Realty Co. (1927), 117 Ohio St. 345, 350. Therefore, courts are empowered to correct an obvious typographical error to give effect to the obvious intent of the rule. Id.; Brim v. Rice
(1969), 20 Ohio App.2d 293, 296; State v. Virasayachack (2000),138 Ohio App.3d 570, 574.
 {¶ 13} The obvious intent of Ohio Adm. Code 3769-8-07(A) was to prohibit the possession of a wide range of instruments which may affect the speed or actions of a horse. In fact, the rest of the rule uses broad language to also prohibit the possession of any instruments which may be used for chemical injections. Ohio Adm. Code 3769-8-05, a similar rule in effect at the time of appellant's alleged violations, broadly prohibited the use of "any electrical, mechanical or other appliance" to stimulate a horse or affect its speed in a race. That rule also demonstrates an obvious intent to prohibit a wide range of items which may stimulate a horse. These rules, when read together, demonstrate an obvious intent to prohibit a wide range of activities and instruments that would stimulate or affect a horse. Cf. State ex rel. Gains v. Rossi (1999),86 Ohio St.3d 620, 622 (noting that statutes relating to the same general subject matter must be read in pari materia). It would be contrary to that obvious intent to limit the application of Ohio Adm. Code3769-8-07(A), as appellant contends, to prohibit only the possession of batteries of any electrical or mechanical instrument — but not the electrical or mechanical instrument used to affect the speed or actions of a horse.
 {¶ 14} A statute or rule should not be interpreted to yield an unreasonable or absurd result. Cf. Mishr v. Poland Bd. of Zoning Appeals
(1996), 76 Ohio St.3d 238, 240; R.C. 1.47. Appellant's interpretation of Ohio Adm. Code 3769-8-07(A) is unreasonable and leads to an absurd result. As previously noted, it makes no sense to prohibit only batteries but not the electrical device itself — particularly when the electrical device could be powered by AC current which is how the device in question was powered. Therefore, we agree with the commission's reasonable interpretation of the rule and determine that the word "of," which follows the word "batteries" in the rule, is a typographical error and that the word "or" was intended.
 {¶ 15} Our conclusion is supported by the Supreme Court of Ohio's decision in Stanton, supra. In that case, the court was faced with the interpretation of a statute that provided certain people the right to appeal a decision of a county board of revision. An early version of the statute allowed for appeals to be taken by "the county auditor or any complainant. * * *" Id. at 349. However, the statute was subsequently amended so that appeals could be taken by "the county auditor of any complainant * * *." Id. at 348. There was nothing in the amendment that indicated an intent to limit or modify a complainant's right to appeal. The court, relying on its prior ruling in Phoenix Ins. Co. v. PortClinton Fish Co. (1899), 61 Ohio St. 643, found that because the previous version of the statute was clear and the later version was obscure and clouded in meaning, it would construe the later version of the statute as if the word "or" had not been changed.
 {¶ 16} Similarly, in the present case, the original language of Ohio Adm. Code 3769-8-07(A) prohibited the possession of batteries or any other electrical or mechanical instrument which may be used to affect the speed or actions of a horse. See 1984-1985 OMR 545 (emphasis added). The word "of" only appeared in a subsequent version of the rule where no substantive changes were made in the rule. See 1992-1993 OMR 324. There is nothing in the subsequent version of the rule to indicate an intent to limit the rule's scope to the mere possession of batteries. Cf. Stanton,
at 349. The rule's original version was clear in its blanket prohibition of instruments which may affect the speed or actions of a horse. The inclusion of the word "of" in the later versions of the rule clouds the rule's intent and renders its prohibitions against other instruments which may affect the speed or action of a horse almost meaningless.Stanton, at 350.
 {¶ 17} In conclusion, we agree with the commission's reasonable interpretation of the rule that furthers the rule's obvious intent to broadly prohibit the possession of instruments, and not just batteries, which may be used to affect the speed or actions of a horse. The word "of" in the later version of Ohio Adm. Code 3769-8-07(A) was an obvious typographical error and the word "or" was intended to effectuate the obvious purpose of the rule. Reinke, supra. Thus, we hold that the rule prohibits the possession of "batteries or any other electrical or mechanical instrument which may be used to affect the speed or actions of a horse." The commission found that appellant possessed such an instrument. Appellant does not contest that finding and there is reliable, probative and substantial evidence to support the commission's finding.
 {¶ 18} Accordingly, appellant's first assignment of error is overruled.
 {¶ 19} In his second assignment of error, appellant contends the trial court abused its discretion when it ruled that the commission's order in Ruling No. 52 was supported by reliable, probative or substantial evidence and was in accordance with law. The commission found that appellant shocked a horse with the aforementioned electrical instrument and that such conduct constituted mistreatment, abuse or an act of cruelty against a horse and was against the best interest of horse racing.
 {¶ 20} In large part, this matter turned on the testimony of three witnesses. Dr. Charles Nelson, a veterinarian, testified that he drove up to appellant's barn at Beluah Park and saw his horse suddenly make a big wild leap in the air. Dr. Nelson then watched appellant reach up and unplug an electrical wire out of a socket. Dr. Nelson assumed that appellant shocked the horse although he did not actually see him touch the horse with the wire. Lisa Weate, Dr. Nelson's assistant, was with Dr. Nelson and also saw a horse jump violently. She then also watched appellant reach up and unplug an electric wire out of the socket. Another of Dr. Nelson's assistants, Danny Hamilton, was also at Beulah Park with Dr. Nelson. He explained that when they pulled up to the barn, he saw a horse jump two to three feet in the air. He then also watched appellant reach up and unplug an electrical cord out of the wall.
 {¶ 21} Appellant first contends that the testimony from these witnesses is inconsistent and not credible and thus, not reliable or probative. We disagree. Although the testimony from these witnesses differed in some aspects, they all testified that a jumping horse caught their attention in the barn area and that they all saw appellant near the horse reaching up to remove an electric cord from an electric outlet. The trial court did not abuse its discretion when it found that this testimony was reliable, probative and substantial evidence to support the commission's findings. See In re Shelly (Dec. 31, 1992), Franklin App. No. 92AP-440 (administrative agency's finding supported by reliable, probative and substantial evidence despite inconsistencies in testimony).
 {¶ 22} Appellant also points to testimony from other witnesses who were at the race park and did not see appellant shock the horse or saw the horse afterwards and did not notice any affects from the alleged electric shock. In reviewing the commission's order, the common pleas court generally defers to the administrative resolution of issues on which there is conflicting evidence. Haehn v. Ohio State Racing Comm.
(1992), 83 Ohio App.3d 208, 211; Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108. If the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the administrative body which had the opportunity to observe the demeanor of the witnesses and weigh their credibility. Id. at 111. The evidence before the commission was conflicting, but the commission obviously believed the testimony of Dr. Nelson and his assistants. The trial court did not abuse its discretion in deferring to the commission's resolution of the conflicting testimony in this case.
 {¶ 23} Appellant next contends that there was no direct evidence to prove that he actually shocked the horse with the electric cord. Although this is true, the commission is permitted to make reasonable inferences from the evidence. See Proffitt v. Ohio Liquor Control Comm., Franklin App. No. 03AP-158, 2003-Ohio-5039, at ¶ 13. It was reasonable to infer from the evidence presented that appellant shocked the horse, as immediately after the horse jumped violently enough to be noticed by three witnesses, each witness saw appellant reach up and unplug an electric cord from an outlet.
 {¶ 24} The testimony of Dr. Nelson and his assistants is reliable, probative and substantial evidence to support the commission's finding that appellant violated Ohio Adm. Code 3769-8-05 and 3769-2-26(A)(9) and (10). The trial court did not abuse its discretion by finding that the commission's order in Ruling No. 52 was supported by reliable, probative and substantial evidence and in accordance with law.
 {¶ 25} Appellant's second assignment of error is overruled.
 {¶ 26} Having overruled appellant's first and second assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.
Judgments affirmed.
Lazarus, P.J., and Petree, J., concur.
[1] This rule was repealed effective July 1, 1999. See 1998-1999 Ohio Monthly Rec. ("OMR") 2784.
[2] Ohio Adm. Code 3769-2-26(A)(9) allows the commission to sanction a person who mistreats, abuses, neglects or engages in an act of cruelty to a horse. Additionally, Ohio Adm. Code 3769-2-26(A)(10) allows the commission to sanction a person who engages in conduct which is not in the best interest of horse racing.