HARRY N. BAETJER, ET ALS., peticionarios, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. ROBERTO H. TODD, JR., JUEZ, demandada.

Núm. 1199.—*Sometido:* Febrero 5, 1940.   *Resuelto:* Abril 26, 1940.

*Fiddler, McConnell* y *González,* abogados de los peticionarios; *Ŕ. Arjona Siaca, pro se,* opositor en el caso principal; *Hon. Procurador General George A. Malcolm* y *Pablo Defendini, Subprocurador Auxiliar,* abogados de El Pueblo, opositor en el caso principal; *T. Torres Pérez,* Asesor Legal de la Comisión de Servicio Público.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los peticionarios, en su carácter de fiduciarios y representantes de Eastern Sugar Associates, solicitaron en mayo de 1938 de la Comisión de Servicio Público de Puerto Rico una franquicia para tomar agua del río Humacao y usarla en el riego de 485.24 cuerdas de terrenos dedicados a la siembra y cultivo de cañas de azúcar. El Pueblo de Puerto Rico y el Sr. Rafael Arjona Siaca se opusieron a la solicitud de franquicia. En junio 20, 1939, la Comisión de Servicio Público dictó y archivó una resolución por la que se resuelve y ordena otorgar a los peticionarios una franquicia por el término de veinticinco años. El Pueblo de Puerto Rico apeló de la citada resolución para ante la Corte de Distrito de San Juan y solicitó que se dictase una orden de suspensión *(supersedeas).*

En agosto 22, 1939, los peticionarios solicitaron la desestimación de la apelación y de la solicitud de *supersedeas,* por los siguientes motivos:

"A. Porque la Ley núm. 70 de diciembre 6 de 1917, que regula las apelaciones de decisiones de la Comisión de Servicio Público para ante la Corte de Distrito de San Juan, no es aplicable a este caso y si lo fuera, la misma sería anticonstitucional y nula en cuanto pretende conceder un derecho de apelación de órdenes o resoluciones concediendo o negando una franquicia.

"B. Porque no existe resolución alguna en el caso apelado que pudiera apelarse, ni ha sido concedida franquicia alguna a los peticionarios ni privilegio o derecho alguno que los peticionarios puedan ejercitar y de cuya concesión los apelantes puedan apelar.

"C. Porque aun asumiendo que existiese el derecho de apelación en este caso no procede el que se dicte una orden de suspensión de orden *(supersedeas)* porque la Corte de Distrito no tenía ante

sí nada que suspender, ya que los peticionarios no podían hacer uso de franquicia alguna hasta que la misma fuese firmada por el Hon. Gobernador de Puerto Rico.

"D. Porque dicha orden de suspensión (*supersedeas*), de ser dictada, perjudicaría irreparablemente los derechos de los peticionarios y por tanto no debía dictarse sin una previa fianza."

La moción de los peticionarios fué declarada sin lugar en 19 de diciembre de 1939; y en la misma fecha la corte inferior decretó el *supersedeas* de la orden y de la resolución dictadas por la Comisión de Servicio Público y suspendió el efecto de las mismas "mientras se tramitan y resuelven las apelaciones en estos casos, sin necesidad de fianza alguna por ser El Pueblo de Puerto Rico el apelante en estos casos."

En 29 de diciembre de 1939 los peticionarios radicaron ante esta Corte Suprema una petición de *certiorari* en la que solicitan se anule y deje sin efecto la orden dictada por la corte de distrito y que en su lugar se dicte otra desestimando la apelación interpuesta por el Pueblo. Los fundamentos de la petición son los mismos aducidos ante la corte inferior y que aparecen arriba transcritos.

Las cuestiones envueltas en este recurso son:

1a. ¿Tiene El Pueblo de Puerto Rico, como opositor a la concesión de la franquicia, el derecho de apelación para ante la Corte de Distrito de San Juan?

2a. ¿Erró la corte inferior al decretar la suspensión de los efectos de la orden concediendo la franquicia, sin exigir al apelante la prestación de fianza?

La Ley de Servicio Público de Puerto Rico, aprobada en diciembre 6 de 1917, dispone:

"Artículo 78.—*Apelaciones a la corte de distrito—tramitación.*— Dentro de los treinta días después de archivada *cualquier declaración o decisión por la Comisión o después de la fecha de haber sido notificada cualquier orden,* a menos que estuviere pendiente una solicitud de nueva audiencia, y entonces dentro de los treinta días de haber sido denegada tal solicitud o de haberse dictado una orden modificando, enmendando, rescindiendo o confirmando la declaración,

decisión u orden original, *cualquiera de las partes en el procedimiento afectada por ella,* podrá apelar para ante la Corte de Distrito de San Juan, Sección Primera. . . ." (Bastardillas nuestras.)

"Artículo 80.—*Orden de suspensión (supersedeas) en apelación.*—Ninguna apelación de ninguna orden de la Comisión en ningún caso surtirá el efecto de una suspensión (*supersedeas*) de la orden apelada, a menos que la predicha corte correspondiente en virtud de una orden interlocutoria diera efecto suspensivo a dicha apelación, mediante la prestación de la fianza correspondiente y previa vista a ese efecto; . . . ."

El lenguaje de las precedentes disposiciones estatutarias es bien claro y de fácil interpretación. Cualquier declaración, decisión u orden hecha o dictada por la Comisión en un procedimiento pendiente ante ella es apelable para ante la Corte de Distrito de San Juan, dentro de los treinta días siguientes a la fecha del archivo de la decisión o de la notificación de la orden.

¿Quién puede apelar? El estatuto lo dice claramente: "Cualquiera de las partes en el procedimiento" que sea afectada por la orden o decisión de la Comisión. Las partes interesadas en el procedimiento iniciado por los fiduciarios de Eastern Sugar Associates para la obtención de una franquicia para uso y aprovechamiento de aguas son, de una parte dichos peticionarios y de la otra El Pueblo de Puerto Rico, como opositor y como dueño de las aguas públicas de cuyo aprovechamiento y utilización se trata. Artículo 4 Ley de Aguas (E. R. de P. R. 1911, sec. 2390.)

La resolución dictada por la Comisión en 20 de junio de 1939 es apelable porque ella decidió y puso fin, en cuanto a la Comisión se refiere, a la controversia entre las partes. No es exacto lo alegado en la petición de *certiorari* de que en la resolución de la Comisión solamente "se hizo constar que a los peticionarios debía concedérseles la franquicia solicitada." La resolución u orden recurrida va más allá, pues en ella "se resuelve y ordena otorgar a los peticionarios una franquicia por el término de 25 años," la que seguramente hubiese sido otorgada y sometida a la aprobación del Gober-

nador si no se hubiese interpuesto apelación y decretado el *supersedeas*. El Pueblo de Puerto Rico no estaba obligado, como pretenden los peticionarios, a esperar hasta que la franquicia fuese sometida a la aprobación del Ejecutivo. El estatuto le fija un término para apelar que empieza a correr desde la fecha del archivo o de la notificación de la resolución u orden de la Comisión, y no desde la fecha en que la franquicia sea aprobada por el Gobernador.

La extensa y hábil argumentación de los peticionarios para sostener la alegada anticonstitucionalidad de la Ley de Servicio Público, en cuanto concede el derecho de apelación en contra de una resolución otorgando una franquicia, carece de méritos. La Asamblea Legislativa de Puerto Rico tiene amplias facultades para fijar el procedimiento que deberá seguirse para la obtención de una franquicia y para conceder a la parte que pueda ser perjudicada por la concesión y que se hubiere opuesto a ella oportunamente una oportunidad de acudir en apelación ante un tribunal de justicia para la revisión del procedimiento seguido ante la Comisión. Un estatuto que tratase de privar a la parte perjudicada por la concesión de una franquicia de su derecho a recurrir a los tribunales de justicia, sería inconstitucional porque equivaldría a privar a esa parte de su propiedad sin el debido proceso de ley. Al aprobar el artículo 78 de la Ley de Servicio Público, supra, la Asamblea Legislativa no hizo otra cosa sino reconocer ese derecho constitucional de recurrir a las cortes de justicia y disponer el procedimiento para el debido ejercicio de tal derecho. *Ex Parte Young*, 209 U. S. 123, 147; *Missouri Pacific Ry. Co. v. Tucker*, 230 U. S. 340, 347; *Ohio Valley Water Co. v. Ben Avon Borough*, 253 U. S. 287, 64 L. Ed. 908, 914; *People of Puerto Rico v. Shell Co.*, 302 U. S. 253; *People of Puerto Rico v. Rubert Hermanos, Inc.*, resuelto por la Corte Suprema Federal en marzo 25, 1940; *Commission v. Havemeyer*, 296 U. S. 506; y *South Porto Rico Sugar Co. v. Muñoz*, 28 F. (2d) 820.

■ Siendo la parte opositora y apelante El Pueblo de Puerto Rico, no erró la corte inferior al decretar la suspensión sin el requerimiento de fianza. El artículo 356 del Código de Enjuiciamiento Civil (ed. 1933) dispone que en cualquier procedimiento en que El Pueblo de Puerto Rico fuere demandante o demandado no podrá exigirse a éste la prestación de fianza o garantía.

*Por las razones expuestas debe anularse el auto expedido y devolverse el caso a la corte de su origen para la vista y decisión de la apelación ante ella pendiente.*