Harry N. Baetjer, et als., peticionarios, *v.* Corte de Distrito de San Juan, Hon. Roberto H. Todd, Jr., Juez, demandada.

Núm. 1199.—*Sometido:* Noviembre 12, 1940. *Resuelto:* Abril 4, 1941.

*Fiddler, McConnell & González*, abogados de los peticionarios; *R. Arjona Siaca, pro se*, opositor en el caso principal; *Hon. Procura-*

*dor General George A. Malcolm* y *Pablo Defendini, Subprocurador Auxiliar,* abogados de El Pueblo, opositor en el caso principal; *T. Torres Pérez,* Asesor Legal de la Comisión de Servicio Público.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

No estando conformes con la sentencia que en abril 26 de 1940 dictamos en el presente caso (56 D.P.R. 596), los peticionarios solicitan su reconsideración. Las partes fueron oídas en cuanto a la procedencia de la reconsideración solicitada en audiencia celebrada el 12 de noviembre de 1940. .

La cuestión legal planteada por los peticionarios es la siguiente:

Los peticionarios solicitaron de la Comisión de Servicio Público una franquicia para tomar agua del río Humacao y usarla en el riego de sus plantaciones de cañas. El Pueblo de Puerto Rico se opuso a la concesión de dicha franquicia. La comisión, por el voto de su presidente y de uno de sus miembros y con el voto en contra del otro comisionado, en 20 de junio de 1939 dictó una resolución recomendando que se otorgue a los peticionarios una franquicia de acuerdo con su solicitud. Apeló El Pueblo de Puerto Rico para ante la Corte de Distrito de San Juan, la cual admitió el recurso y dictó una orden de suspensión *(supersedeas)* sin fianza.

La petición de *certiorari* radicada ante esta Corte Suprema se basó en la alegación de que El Pueblo de Puerto Rico, como opositor a la concesión de la franquicia, no tiene derecho de apelación para ante la Corte de Distrito de San Juan.

Insisten los peticionarios en que las disposiciones del artículo 78 de la "Ley de Servicio Público de Puerto Rico," Leyes de 1917, Vol. II, página 433, por las cuales se concede a *cualquiera de las partes en el procedimiento afectada por ella* el derecho de apelar para ante la Corte de Distrito de San Juan *contra cualquier declaración o decisión por la comisión,* no son aplicables a un caso como el de autos en que se trata de una concesión para la toma de agua para

fines de riego; y en apoyo de su contención citan el artículo 2 de la mencionada Ley de Servicio Público, que en lo que es pertinente lee así:

· "Son compañías de servicio público, a los efectos de esta ley, las personas naturales o jurídicas que se dediquen en Puerto Rico a cualesquiera de los fines o negocios siguientes:

"(a) Transporte de personas o carga utilizando en todo o en parte las vías marítimas, fluviales o terrestres.

"(b) Comunicaciones telegráficas y telefónicas, ya sean alámbricas, inalámbricas o por cable.

"(c) Muelles de todas clases y astilleros.

"(d) Generación de fuerza motriz de cualquier origen y con destino a cualquier fin, excepto fuerza animal.

"(e) Alumbrado, calefacción y refrigeración.

"(f) Acueducto, alcantarillado y construcción de sistemas de tuberías para cualquier fin.

"(g) Regadío y canales de navegación o riego.

"(h) Cualesquiera otras que se dediquen a negocios o fines de naturaleza análoga a los enumerados anteriormente.

"Dichas compañías no estarán sujetas a las disposiciones de esta ley, en lo que respecta a cualquier negocio que hicieren o a cualquiera propiedad perteneciente a ellas fuera de Puerto Rico; ni se interpretarán las disposiciones de esta ley en el sentido de aplicarse a ningún asunto o cosa con respecto al cual el Congreso ha dictaminado con exclusión del poder de Puerto Rico. Ninguna de las disposiciones de esta ley será aplicable al desarrollo, transmisión, o distribución de electricidad; a la manufactura o distribución de gas; al abastecimiento o distribución de agua; o a la producción, entrega o abastecimiento de vapor o de cualquier otra substancia para calefacción o fuerza motriz por un productor, que de otro modo no fuera una compañía de servicio público, para el uso exclusivo de dicho productor, o para el uso de los inquilinos de dicho productor, y no para la venta a otros."

No estamos de acuerdo en absoluto con la interpretación que al artículo 2, supra, da el peticionario.

Los propósitos fundamentales de la "Ley de Servicio Público de Puerto Rico" aparecen así expresados en su título: "Ley definiendo las compañías de servicio público y proveyendo lo necesario para su reglamentación; prescribiendo,

definiendo, reglamentando y limitando sus derechos, facultades y deberes; prescribiendo y definiendo las facultades y deberes de la Comisión de Servicio Público y los de sus funcionarios; prescribiendo y reglamentando la práctica y el procedimiento ante dicha comisión y en apelación, y para otros fines.''

El artículo 2, supra, empieza definiendo lo que se entiende por *compañía de servicio público,* y continúa excluyendo de esa definición y de las disposiciones de la ley, las siguientes actividades o servicios:

(*a*) desarrollo, transmisión, o distribución de electricidad.

(*b*) manufactura o distribución de gas.

(*c*) *Abastecimiento o distribución de agua;* y

(*d*) producción, entrega o abastecimiento de vapor u otra substancia para calefacción o fuerza motriz.

Para que dichos servicios no puedan ser considerados como servicios públicos y las personas que desarrollan, transmiten o distribuyen electricidad o gas o *abastecen o distribuyen agua,* calefacción o fuerza motriz no sean considerados como compañías de servicio público, es requisito indispensable que la electricidad, el gas, el agua y la fuerza motriz sean usados exclusivamente por el productor de los mismos o por sus inquilinos, y que no sean vendidos a otras personas. Así, por ejemplo, el dueño de un edificio de apartamientos que monta una bomba o un pozo artesiano o un tanque para el abastecimiento y distribución de agua a sus inquilinos, no puede ser considerado como una ''compañía de servicio público'' ni obligado a cumplir con las disposiciones de la Ley de Servicio Público, primero, porque la misma ley le excluye expresamente de sus disposiciones; y, segundo, porque para la prestación de esa clase de servicios, a sí mismo o a sus inquilinos, el productor de electricidad o gas y el abastecedor y distribuidor de agua o fuerza motriz no está obligado a obtener un permiso o franquicia de la Comisión de Servicio Público. Por las mismas razones, una central azucarera que poseyendo una cantidad de agua la dedicase

al abastecimiento de y distribución entre sus colonos, no se convertiría por ese solo hecho en una compañía de servicio público ni quedaría obligada a cumplir las obligaciones que la Ley de Servicio Público impone a dichas compañías.

Los peticionarios en el caso de autos no están dedicados al abastecimiento o distribución de agua. Ellos han acudido ante la Comisión de Servicio Público, alegando que necesitan agua para regar sus cañas y solicitando una franquicia que les permita tomar ciertas cantidades de agua del río Humacao "bajo los términos y condiciones que tenga a bien dictar esta Hon. Comisión."

Las facultades de la Comisión de Servicio Público de Puerto Rico emanan de dos fuentes distintas—la Ley Orgánica y la "Ley de Servicio Público de Puerto Rico."

La Ley Orgánica, en lo que es pertinente, dispone lo siguiente:

"Artículo 38.—Toda franquicia, derecho, privilegio y concesión *de carácter público o cuasi público,* será otorgada por una Comisión de Servicio Público compuesta de. . . . Dicha Comisión queda facultada para desempeñar, y se le ordena que desempeñe, todas las funciones ejecutivas relacionadas con las corporaciones de servicio público que hasta ahora se han conferido por la ley al Consejo Ejecutivo, *y aquellos deberes y funciones adicionales que se confieran a dicha Comisión por la Asamblea Legislativa."* (Itálicas nuestras.)

Como se ve, el Congreso concedió a la Comisión de Servicio Público la facultad de otorgar franquicias de carácter *público o cuasi público* solamente; y no le concedió facultad alguna para otorgar ninguna clase de franquicias o concesiones para *fines particulares.* Fué la Asamblea Legislativa Insular—haciendo uso de la facultad concedídale por el artículo 38 de la Ley Orgánica, supra, para conferir a la Comisión de Servicio Público *deberes y funciones adicionales*—la que confirió a dicha comisión la facultad adicional necesaria para poder otorgar cierta clase de franquicias para fines particulares. Y a ese efecto, la Ley de Servicio Público dispone:

"Artículo 52.—*Concesiones que se hicieren.*—La Comisión tendrá poder para otorgar franquicias, derechos, privilegios o concesiones para fines públicos o cuasi públicos incluyendo el derecho de usar o cruzar carreteras, caminos o cauces de agua públicos; y *para otorgar franquicias, derechos, privilegios o concesiones para el aprovechamiento de las aguas públicas para fines públicos o particulares.* No estará facultada para conceder el dominio o aprovechamiento de terrenos o propiedades públicas o para otorgar franquicias, derechos, privilegios o concesiones *para usos particulares,* excepción hecha del aprovechamiento de aguas públicas, sin la aprobación de la Asamblea Legislativa." (Itálicas nuestras.)

La contención de los peticionarios de que ninguna de las disposiciones de la Ley de Servicio Público es aplicable a un caso como el presente, en el que se solicita una franquicia para el aprovechamiento de aguas públicas para fines particulares, no es sostenible. Para sostenerla, tendríamos que concluir que las disposiciones del artículo 52, supra, que son las que confieren a la comisión la facultad y poder necesarios para otorgar la franquicia que interesan los peticionarios, no son aplicables, pues sólo así podríamos decidir, conforme a justicia y razón, que tampoco son aplicables las disposiciones del Capítulo VII (artículos 62 a 91) de la Ley de Servicio Público, que regulan la práctica y procedimientos ante la comisión y en las apelaciones contra sus órdenes o decisiones.

Es cierto que la Ley Orgánica otorgó a la Comisión de Servicio Público la facultad exclusiva de otorgar franquicias y concesiones de carácter público o cuasi público. Pero también es cierto que al no disponer nada en contrario por la Ley Orgánica, el Congreso dejó a la Asamblea Legislativa Insular plenos poderes y facultades para legislar con referencia al otorgamiento de franquicias o concesiones para el aprovechamiento de aguas públicas *para fines particulares.* En el ejercicio de esos poderes la Asamblea Legislativa facultó a la Comisión de Servicio Público para otorgar esa clase de franquicias para fines particulares, y concedió a la parte interventora agraviada por la decisión de la comisión el dere-

428

cho de recurrir en apelación ante la Corte de Distrito de San Juan. Véanse: *People of P. R.* v. *Shell Co.,* 302 U. S. 253, 263; y *People of P. R.* v. *Rubert Hermanos, Inc.,* 309 U. S. 543.

*Por las razones expuestas debemos resolver que no procede la reconsideración solicitada.*

El Juez Asociado Sr. Todd. Jr., no intervino.