### ARROYO et al. v. PUERTO RICO TRANSP. AUTHORITY et al.

#### Civ. No. 4627.

District Court, Puerto Rico.

Aug. 7, 1946.

Miguel Guerra-Mondragon and Guillermo Cintron Ayuso, both of San Juan, P. R., for plaintiffs.

George A. Malcolm, Atty Gen. of Puerto Rico, for defendant Public Service Commission.

James E. Curry, of San Juan, P .R., for defendant Puerto Rico Transportation authority.

CORDOVA, District Judge.

The jurisdiction of this court is invoked by plaintiffs on the theory that the defendant Commission threatens to deprive them of their property without due process of law, and to deny them the equal protection of the laws, in violation of Section 2 of the Organic Act of Puerto Rico, 48 U.S.C.A. § 737. Plaintiffs also invoke the Civil Rights Act, 8 U.S.C.A. § 43. But this act, if indeed it has any application to this case, applies only if plaintiffs are threatened with the denial of the equal protection of the laws, or with deprivation of their property without due process. Jurisdiction of this court, therefore, depends on whether plaintiffs have raised a question of denial of equal protection or due process.

The right which plaintiffs claim is about to be infringed by the Public Service Commission is the alleged right to engage in the transportation of passengers by bus in the San Juan area. They have no such right. Santiago v. Public Service Commission, 37 P.R.R. 467. The regulation of transportation of passengers by bus in Puerto Rico is a matter for the Public Service Commission, which has the power to determine who may and who may not operate such buses. Santiago v. Public Service Commission, supra. And the orders and rulings of the Commission in regulating transportation and granting or denying franchises are subject to statutory review by the courts of Puerto Rico. In re White Star Bus Line, 53 P. R. R. 370; Baetjer v. Court, 56 D.P.R. 570, 58 D.P.R. 426.

Here the Public Service Commission granted plaintiffs the privilege to operate buses provisionally, until May 7 1946. Their right to operate is limited by the terms of their permits, and may not be enlarged by this court. Plaintiffs do contend that the Commission granted them the right to operate until one year after the termination of the war in Europe. The fact is that the Commission announced that this was to be its policy, and acting on its interpretation of its own policy, fixed the date of May 7, 1946, as the expiration date of the permits held by plaintiffs and others. The question whether the war in Europe has technically ended is not pertinent. The pertinent point is the date fixed by the Commission for the expiration of the permits. That date is May 7, 1946, and as to that there is no question.

Since plaintiffs have no right to operate their buses except as authorized by the defendant Commission, and since their permits to operate expired on May 7, 1946 and such of their operations as depend on certificates of necessity and convenience which have not yet expired are not at present threatened by defendants, they are not entitled to any relief.

The preliminary injunction should be set aside and a decree entered for the defendants.

### Findings of Fact.

1. Plaintiffs are citizens of the United States. They and numerous other persons are engaged in the transportation of passengers by motor buses in the San Juan metropolitan area under permits which expired on May 7, 1946.

2. Plaintiffs and others similarly situated also operate buses in the San Juan area under certificates of necessity and convenience, but as to these there is no present threat by defendants of interference with plaintiffs' operations.

### Decree.

For the reasons stated in my opinion handed down this day, the preliminary injunction issued herein on May 4, 1946 is set aside and the petition for injunction is hereby dismissed.