SOUTHERN CONTINENTAL TELEPHONE COMPANY, etc.

*v.*

THE RAILROAD AND PUBLIC UTILITIES COMMISSION OF
THE STATE OF TENNESSEE, et al.

(*Nashville,* December Term, 1956.)

Opinion filed April 1, 1957.

LON P. McFARLAND, Columbia, MADDUX & CAMERSON, Cookeville, for appellants.

HAROLD SELIGMAN and GEORGE W. SHUFF, Nashville, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is an appeal by the Tennessee Public Service Commission from a decree of the Chancery Court of Davidson County, holding that the rates prescribed by the Commission fixed by Exhibit B passed beyond the lowest limit of the permitted zone of reasonableness into the forbidden area of confiscation.

In order for a proper understanding of the cause it is necessary to set out briefly the history of the case.

Southern Continental Telephone Company filed its petition requesting an increase in rates of approximately $166,000 on May 19, 1953. The matter was duly heard and the Commission on April 15, 1954, entered an order allowing an increase of approximately $50,000. Thereupon the company filed a petition for writ of *certiorari* which was granted and the cause heard by the Chancellor, the latter holding, December 21, 1954, that the Commission should fix and determine rates which would produce at least $155,675 of additional revenue as of February 28, 1953.

This Court, on October 7, 1955, reversed the decision of the lower court and remanded the case directing the Chancellor to use his own independent judgment and to consider all of the proof introduced before the Commission, 285 S.W.2d 115.

After hearing on the merits in the cause, the Chancellor found the total effect of the Commission's rate order to be confiscatory and ordered the defendant, Commission, to fix and determine rates which would not be confiscatory as indicated in the Court's opinion. The Commission filed an answer to the remand of the Chancellor and, upon hearing the Court found that the defendant did not fix a specific rate so as to remove confiscation; that the Commission had failed to comply with the Court's order and granted a permanent injunction restraining the Commission from interfering with the collection of rates as originally filed by the Company in the amount of $166,000.

Thereupon this appeal resulted and it is insisted that the Chancellor was in error in finding the Commission's order of April 15, 1954, to be confiscatory, and that the

Chancellor was in error in remanding this proceeding to the Commission to fix and determine rates which are just and reasonable and not confiscatory.

It should be observed that on both hearings different Chancellors found that the order of the Commission was illegal and confiscatory.

At the original hearing the proof in the record shows:

Commission's witness White, who testified that a rate return of 6.5% was fair and reasonable and annual increase necessary $155,675.

Company's witness Foster, who testified that a rate return of 7.5% was just and reasonable and annual increase necessary $183,000.

Company's witness Dunlap agreed with Foster on a rate of return of 6.1% to 6.6% annual increase necessary $166,235.62.

There is no other proof in the record and no evaluating of the evidence of these three witnesses can reduce the figures given by them.

However, the fixing of rates is legislative and the Court does not have the power to fix rates. The remand to the Commission was therefore proper.

An order of a commission based on findings made without evidence, or on evidence which clearly does not support it, is an arbitrary act against which the courts afford relief. *Baltimore & Ohio R. Co. v. U. S.,* 264 U.S. 258, 44 S.Ct. 317, 68 L.Ed. 667.

696

■ Where a public utility is contesting in Court an order of a Commission and the constitutional question of confiscation is involved, it is entitled to the independent judgment of the Court both on the law and the facts to the end that the Constitution may be maintained. *St. Joseph Stockyards Co. v. U. S.,* 298 U.S. 38, 56 S.Ct. 720, 80 L.Ed. 1033.

■ The Court having found that the increase allowed by the Commission was arbitrary and confiscatory, the course taken by the Chancellor in ordering the case remanded to the Commission for the fixing of a reasonable rate under the proof was proper.

It results that the decree of the Chancellor is affirmed.